**Clarence R. VALENTINE,**
**Plaintiff–Appellant,**

v.

**MUSEUM OF MODERN ART,**
**Defendant–Appellee.**

**No. 1936, Docket 93–9350.**

United States Court of Appeals,
Second Circuit.

Submitted June 28, 1994.

Decided July 5, 1994.

Colin A. Moore, Brooklyn, NY (Arleen T. Ralph, of counsel), for plaintiff-appellant.

Proskauer Rose Goetz & Mendelsohn, New York City (Allen I. Fagin, Seth M. Popper, of counsel), for defendant-appellee.

Before: KEARSE and ALTIMARI, Circuit Judges, and SEYBERT, District Judge *.

PER CURIAM:

Plaintiff Clarence R. Valentine appeals from a judgment of the United States District Court for the Southern District of New York, John S. Martin, Jr., *Judge,* dismissing his action on account of Valentine's failure to comply with an order of the court. On appeal, Valentine contends that use of the harsh remedy of dismissal was inappropriate. We disagree and therefore affirm the district court's order of dismissal.

Appearing *pro se* in the district court, Valentine commenced the present action in 1991 against defendant Museum of Modern Art ("MOMA"), alleging termination of his employment on the basis of his race, in violation of 42 U.S.C. § 1981 (1988) and 42 U.S.C. § 2000e–5 (1988). During the course of the litigation, MOMA sought discovery from Val-

---

* Honorable Joanna Seybert, of the United States District Court for the Eastern District of New York, sitting by designation.

entine, with mixed success. Though he appeared for two deposition sessions, he was disruptive on those occasions; on other scheduled occasions he failed to appear.

Valentine was repeatedly warned of sanctions that could be imposed if he refused to comply with discovery orders. For example, in September 1992, Valentine indicated that the district judge had previously advised him that if he refused to be deposed, his action would be dismissed. In a telephone conference with Magistrate Judge Leonard Bernikow during a session of his deposition on that date, Valentine asked, "Why is it that the judge told me that if I do not give a deposition, he will dismiss the case?" (Deposition Transcript, September 15, 1992, at 41.)

On November 4, 1992, Magistrate Judge Bernikow again informed Valentine that if he chose not to answer questions on deposition, "there are certain sanctions under Rule 37 ... of the Federal Rules of Civil Procedure...." (Transcript of Pretrial Conference, November 4, 1992 ("November 1992 Tr."), at 6.) Magistrate Judge Bernikow read and explained portions of that Rule to Valentine, stating that Rule 37(c) provides that the court may enter

> an order striking out pleadings or parts thereof or staying further proceedings until the order is obeyed or dismissing the action or proceeding or any part thereof or rendering a judgment by default against the disobedient party.

> Those are the sanctions, Mr. Valentine, that are available for failure to appear for a deposition, and that's what Judge Martin, I'm sure, had in mind when he advised you of that fact.

(November 1992 Tr. 8–9.) Valentine insisted that he had a right to question whether dismissal was an available sanction for failure to appear for his deposition. (See id. 25.)

On March 25, 1993, Magistrate Judge Kathleen A. Roberts advised Valentine, "As Judge Martin has previously told you, if you don't appear for your deposition, then the case will be dismissed." (Pretrial Hearing Transcript, March 25, 1993, at 62.)

On April 22, 1993, Valentine disrupted MOMA's attempt to take his deposition, making "frequent and improper *ad hominem* remarks disparaging counsel's intelligence, preparation, and personal complicity in what plaintiff views as ongoing discrimination by the Museum and its agents," and forcing MOMA's attorney to halt the deposition and seek intervention by the court. Order of Magistrate Judge Kathleen A. Roberts dated August 16, 1993, at 2. Magistrate Judge Roberts ordered Valentine to appear before her for the continuation and completion of his deposition on October 5, 1993. *See id.* Valentine's objections to this order were overruled by the district judge on September 30. Valentine then sent Judge Martin a memorandum dated October 8, 1993, which stated, in pertinent part, as follows:

> Forwarded herewith Plaintiff's Notice of Appeal to your "ORDER" dated September 30, 1993, plaintiff find [*sic*] your explaination [*sic*] "denied" unacceptable and unreasonable, evasive and unprofessional, this constitutes a coverup which is a travesty of justice.

On October 5, Valentine failed to appear for the continuation of his deposition. When reached by telephone on that day, he stated that he had not appeared because he had not received the district judge's order overruling his objections until that morning. Magistrate Judge Roberts directed him to appear for his deposition on October 20.

After receiving a copy of Valentine's October 8 memorandum, Magistrate Judge Roberts sought to determine whether Valentine would comply with the court's order to appear on October 20, but was unable to reach him by telephone. Learning that Valentine would be appearing before Judge Martin on October 19 on an unrelated matter, the magistrate judge contacted Judge Martin, who inquired whether Valentine would appear for his deposition in the present case on October 20. Informed that Valentine would be busy on October 20, Judge Martin inquired about October 21. Valentine stated that he would not attend on that date either. Valentine contended that in light of his attempt to appeal the court's September 30 order, the court had no power to order him to attend at all. The court informed Valentine that notwithstanding his objections to the court's

September 30 order, Valentine was required to proceed with his deposition. The court directed Valentine to appear for his deposition on October 26 and warned him that if he failed to do so his action would be dismissed. The colloquy was as follows:

THE COURT: Mr. Valentine, ... Judge Roberts' chambers has contacted me. They have been trying to get hold of you to have a deposition concluded.... Are you available tomorrow morning?

MR. VALENTINE: Sir, I appeal against your decision, and that matter is sub judice. I appealed against your decision.

THE COURT: You have the right to appeal. But as far as your deposition, that matter should go forward. I am directing you to go forward.

MR. VALENTINE: I am disagreeing with you, sir. I am saying I appealed against your decision. Your decision in the matter against the Museum of Modern Art, I appealed against your decision, and therefore, having appealed against your decision, the matter is now sub judice, it's out of your hands. You cannot give me any instructions at all.

THE COURT: I am directing you on the record to appear tomorrow morning at room 631 for the continuation of your deposition....

MR. VALENTINE: I will not attend because I have very important—

THE COURT: Will you [be] available the following day?

MR. VALENTINE: I don't know if I can be available the following day.

THE COURT: What day next week are you available?

MR. VALENTINE: I will not attend still saying, Judge, that this matter is sub judice and that you have no—

THE COURT: I understand that. But I have overruled that. The question is—

MR. VALENTINE: No, you can't overrule that, sir. I will not attend. I am going[ ] to say it again plainly. You gave a decision. I appealed against Kathleen Roberts' decision. I appealed against it. Then you said that my appeal to you was denied. Then I appealed against your decision, sir.

THE COURT: Please, I have heard you. I am directing you to appear to have your deposition taken 1 week from today at 9:00 at room 631 in the action against the Museum of Modern Art. If up [*sic*] do not appear at that time your case will be dismissed.

(Hearing Transcript, October 19, 1993, at 3–5.)

Valentine did not appear for his deposition on October 26. In a Report and Recommendation dated November 1, 1993, Magistrate Judge Roberts, adverting to the prior proceedings, recommended that the action be dismissed. Though Valentine objected to this recommendation, he did not dispute that he had been warned that if he did not appear on October 26 the action would be dismissed. Nor did he indicate that he had not understood that warning.

Rule 37 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

If a party ... fails to obey an order to provide or permit discovery ..., the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

....

(C) An order ... dismissing the action or proceeding....

Fed.R.Civ.P. 37(b)(2). The imposition of sanctions under Rule 37 lies within the discretion of the district court, and a decision to dismiss an action for failure to comply with discovery orders will be reversed only if the decision constituted an abuse of that discretion. *See, e.g., Bobal v. Rensselaer Polytechnic Institute,* 916 F.2d 759, 764 (2d Cir.1990), *cert. denied,* 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991); *Minotti v. Lensink,* 895 F.2d 100, 102–03 (2d Cir.1990) (per curiam).

■ "[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations ..., and then only when a court finds willfulness, bad faith, or any fault on the part of the prospective deponent." *Bobal v. Rensselaer Polytechnic Institute,* 916 F.2d at 764 (internal quotes omitted). As the Supreme Court has noted, however, "the most severe in the

spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam); *see also Jones v. Niagara Frontier Transportation Authority*, 836 F.2d 731, 735 (2d Cir. 1987) ("in this day of burgeoning, costly and protracted litigation courts should not shrink from imposing harsh sanctions where ... they are clearly warranted" (internal quotes omitted)), *cert. denied*, 488 U.S. 825, 109 S.Ct. 74, 102 L.Ed.2d 50 (1988).

The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal. *See, e.g., Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d at 766 (affirming dismissal of *pro se* action); *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.1988) (same). "[A]ll litigants, including pro ses, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d at 103 (internal quotes omitted).

The record in this case reveals Valentine's sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders to appear for his deposition would result in the dismissal of his action. We see no abuse of discretion in the court's imposition of that sanction in the circumstances of the present case.

## CONCLUSION

We have considered all of Valentine's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.