107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Juanita E. McNEIL, Plaintiff-Appellant,
v.
Marie AGUILOS and Bellevue Hospital Corporation, Defendants-Appellees.
 No. 96-7657.
 United States Court of Appeals, Second Circuit.
 Jan. 9, 1996.
 
 1
 Appearing for Appellant:Juanita E. McNeil pro se, N.Y., N.Y.
 
 
 2
 Appearing for Appellees:Stuart D. Smith, Ass't Corp. Counsel, N.Y., N.Y.
 
 
 3
 Present KEARSE, CABRANES, C.J., KELLEHER, District Judge*.
 
 
 4
 Plaintiff pro se Juanita E. McNeil appeals from a judgment of the United States District Court for the Southern District of New York, Sonia Sotomayor, Judge, dismissing her complaint, with prejudice, pursuant to Fed.R.Civ.P. 37(d) for willful failure to comply with the court's discovery orders, and pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. On appeal, McNeil challenges the dismissal and contends in addition, inter alia, that the district judge should have recused herself and should have appointed counsel to represent McNeil. Finding no basis for reversal, we affirm.
 
 
 5
 The standard for recusal under 28 U.S.C. § 455(a) is whether a person knowing and understanding all of the facts and circumstances could reasonably question the court's impartiality. See, e.g., In re Drexel Burnham Lambert, 861 F.2d 1307, 1309 (2d Cir.1988), reh'g denied en banc, 869 F.2d 116 (2d Cir.), cert. denied, 490 U.S. 1102 (1989). A recusal motion is "committed to the sound discretion of the district court," and "the issue on appeal is whether the court abused its discretion." United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir.1992). We see no abuse of discretion here. McNeil's recusal motion failed to meet the above standard for the reasons stated in Judge Sotomayor's Memorandum Opinion and Order dated July 7, 1995, and in her Opinion and Order dated April 30, 1996. See also In re McNeil, No. 95-3069 (2d Cir. Sep. 20, 1995) (denying mandamus petition seeking district judge's recusal).
 
 
 6
 Nor is there merit in McNeil's complaint that she was impermissibly disadvantaged by the fact that she was proceeding pro se. A party has no constitutionally guaranteed right to the assistance of counsel in a civil case. See, e.g., United States v. Coven, 662 F.2d 162, 176 (2d Cir.1981), cert. denied, 456 U.S. 916 (1982). The district court gave McNeil ample opportunity to obtain retained counsel and made several attempts to secure volunteer pro bono counsel to represent her. The fact that McNeil did not obtain counsel affords her no basis for relief.
 
 
 7
 Finally, we reject McNeil's contention that the district court improperly dismissed her complaint for failure to comply with the court's discovery orders. "[A]ll litigants, including pro ses, have an obligation to comply with court orders." Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir.1990) (per curiam) (internal quotation marks omitted). The imposition of sanctions under Rule 37 lies within the discretion of the district court, and a decision to dismiss an action for failure to comply with discovery orders will be reversed only if the decision constituted an abuse of that discretion. See, e.g., Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir.1994) (per curiam); Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 764 (2d Cir.1990), cert. denied, 499 U.S. 943 (1991); Minotti v. Lensink, 895 F.2d at 102-03. A case brought by a plaintiff proceeding pro se may permissibly be dismissed with prejudice for such a failure after a warning has been given that noncompliance can result in dismissal. See, e.g., Valentine v. Museum of Modern Art, 29 F.3d at 50 (affirming dismissal of pro se action); Bobal v. Rensselaer Polytechnic Institute, 916 F.2d at 766 (same).
 
 
 8
 Here, the record reveals that McNeil refused to comply with discovery orders of the district court despite receiving repeated warnings that if she so refused, the court would dismiss her case. We see no abuse of discretion in the court's dismissal of her action pursuant to Rule 37. We need not address the court's alternative ground of dismissal.
 
 
 9
 McNeil has also made numerous other arguments on this appeal. We have considered all of them to the extent that they are properly before us and have found them to be without merit.
 
 
 10
 The judgment of the district court is affirmed.
 
 
 
 *
 Honorable Robert J. Kelleher, of the United States District Court for the Central District of California, sitting by designation