104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Elya PEKER, Plaintiff-Appellant,
v.
Arthur A. KAPLAN, Arthur A. Kaplan Co., Inc., Reid A. Rader,
Galaxy of Graphics Ltd., Jewel International
Corporation, Defendants-Appellees.
 No. 96-7554.
 United States Court of Appeals, Second Circuit.
 Nov. 27, 1996.
 
 1
 APPEARING FOR APPELLANT: Elya Peker, pro se.
 
 
 2
 APPEARING FOR APPELLEE: Kenneth R. Schachter, Silverberg Stonehill & Goldsmith, P.C., New York, N.Y.
 
 
 3
 Before CARDAMONE, LEVAL, Circuit Judges, and POOLER,* District Judge.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 6
 Elya Peker appeals from an order of the United States District Court for the Southern District of New York dismissing his cause without prejudice after Peker willfully failed to appear at three pretrial conferences.
 
 
 7
 Peker was given notice of three separate status conferences and repeatedly refused to appear. After the second missed conference, Judge Schwartz ordered Peker to appear and expressly warned that failure to do so could result in dismissal of his case. As Peker explained in several letters sent to the court, he refused to appear before Judge Schwartz because he wanted a different judge.[1] After Peker's third failure to appear, Judge Schwartz ordered the case dismissed without prejudice "upon the Court's own motion and with the consent of the defendants."
 
 
 8
 A district court has the authority to dismiss an action for a plaintiff's willful failure to obey orders to appear before it. Fed.R.Civ.P. 41(b), 16(f), 37(b)(2)(C).[2] A district court may dismiss an action sua sponte, see Fed.R.Civ.P. 16(f) and 37(b)(2)(C); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962), and its dismissal is reviewed for abuse of discretion. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642, 96 S.Ct. 2778, 2780 (1976); Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir.1995).
 
 
 9
 Given Peker's refusal to attend scheduled conferences despite warning as to the consequences of his conduct, we find no abuse of discretion in the trial court's dismissal of Peker's action. See, e.g., Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir.1994).
 
 
 10
 Peker contends that the district court's dismissal was, in effect, with prejudice since the statute of limitations has run on his claim. Assuming this is true, it makes no difference. The district court had authority to dismiss Peker's case with prejudice for failure to obey its order to appear. Fed. R. Civ. P. 37(b)(2)(C); 41(b); Valentine, 29 F.3d at 50. The district court did not abuse its discretion.
 
 
 11
 For the foregoing reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 United States District Judge for the Northern District of New York, sitting by designation
 
 
 [1]
 Peker sent a January 29, 1996, letter to Chief Judge Griesa asking him to transfer the action to a different judge. On February 26, 1996, Judge Griesa denied Peker's request
 
 
 [2]
 The order does not indicate the Rule pursuant to which Peker's case was dismissed