John Henry BOWERS, Plaintiff,

v.

NRX SERVICES, INC., Defendant.

No. 95–CV–0507.

United States District Court,
N.D. New York.

Feb. 4, 1997.

Office of Paul F. Donohue, Jr., Troy, N.Y. (Paul F. Donohue, Jr., of counsel), for Plaintiff.

Grotta, Glassman & Hoffman, New York City (Stephen A. Fuchs, of counsel), for Defendant.

## MEMORANDUM, DECISION AND ORDER

McAVOY, Chief Judge.

Before the Court is the defendant's motion to dismiss the Complaint, with prejudice, and a motion for sanctions, attorney's fees, and costs incurred in the preparation and filing of this motion. The motion was initially referred to Magistrate Judge David N. Hurd for a Report–Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Hurd recommended that the motion to dismiss the Complaint be granted, but that the motion for sanctions, attorney's fees, and costs be denied. Both parties filed objections to the Report–Recommendation.

## I. BACKGROUND

On April 13, 1995, Plaintiff John Bowers filed a Complaint with the Court against NRX Services, Inc. in connection with the termination of his employment. Due to the failure of the plaintiff to comply with discovery, Magistrate Judge David Hurd granted a motion to compel discovery and reasonable attorney's fees, costs and expenses in the sum of $2,384.55. The plaintiff continued his dilatory discovery practices, resulting in numerous extensions of discovery deadlines and very little actual discovery. Finally, the defendant filed a motion to dismiss this action and sought an award of attorneys' fees and costs. The Magistrate Judge recommended granting the motion to dismiss and denying additional sanctions and an award of fees.

## II. DISCUSSION

### A. Standard of Review

Under Fed.R.Civ.P. 72(b), the District Court "shall make a *de novo* determination

upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." *See also* 28 U.S.C. § 636(b)(1). In making this *de novo* determination, the Court "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

## B. Motion to Dismiss

Plaintiff filed timely objections,[1] asserting that: (1) documents demanded for production must have been in defendant's possession, and therefore, the plaintiff cannot be said to have failed to provide documents; (2) defendant's discovery demands were broad, sweeping, and clumsy; and (3) defendant's reply to plaintiff's first set of interrogatories was woefully incomplete. Although defendant contends that plaintiff made several new arguments not before the Magistrate Judge, and therefore should not be considered by this Court, the Court finds that the plaintiff did raise these arguments before the Magistrate Judge, although in a cursory fashion, in his original affidavit of opposition. Thus, this Court has considered these contested arguments in its review, and agrees with the determination of the Magistrate Judge for the reasons stated in the Report–Recommendation. Accordingly, after consideration of the entire record, this Court adopts the findings and recommendation of the Magistrate Judge to dismiss this action. 28 U.S.C. § 636(b)(1).

■ In regard to the rather extraordinary measure of dismissing the action, the Court notes that pursuant to Fed.R.Civ.P. 37(b)(2)(C), a court "may make such orders in regard to the failure [to comply with, *inter alia,* a discovery order] as are just," including:

An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing the action or proceeding* or any part thereof, or rendering the judgment by default against the disobedient party.... (emphasis added)

Among the possible sanctions available, "[d]ismissal with prejudice is a harsh remedy to be used only in extreme situations ..., and then only when a court finds willfulness, bad faith, or any fault on the part of the prospective deponent." *Valentine v. Museum of Modern Art,* 29 F.3d 47 (2d Cir.1994) (quoting *Bobal v. Rensselaer Polytechnic Institute,* 916 F.2d 759, 764 (2d Cir.1990)). Aside from objecting to the form of the defendant's discovery requests, the plaintiff has offered no reason why the sanction of dismissal is not warranted.

## C. Request for Sanctions, Attorney's Fees, and Costs

■ The Magistrate Judge recommended that the Court not impose additional sanctions, attorney's fees and costs. In response, the defendant has filed an objection, and asserts that dismissing the Complaint *and* awarding costs are justified in this case. After a review of the entire record in this case, the Court finds it appropriate to require the plaintiff to pay the reasonable expenses associated with this motion, including the defendant's attorney's fees as the Court can find no evidence "that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2). The Magistrate Judge found that the plaintiff's behavior constituted "egregious behavior" that was "willful" and performed in "bad faith." Simply stated, if the plaintiff had complied with the discovery requests made by the defendant and the subsequent order of the Magistrate Judge, the defendant would not have incurred the cost of bringing the present motions. Therefore, after conducting a *de novo* review of the record, the

---

1. The Court will only consider objections filed within 10 days after party was served recommended disposition. *See* 28 U.S.C. § 636(b)(1); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992). Plaintiff's attorney and the plaintiff filed objections and affidavits in support of the objections in a timely fashion. However, Plaintiff's supplemental affidavit, filed October 4, 1996, and Memorandum of Law, filed October 15, 1996, were submitted far beyond the time to file objections to the Magistrate's Report. Accordingly, the Court will not consider those submissions.

Court finds that the defendant is entitled to the reasonable costs of bringing this motion.

## III. CONCLUSION

For the reasons stated above, this Court adopts that part of the Report–Recommendation relating to the dismissal of this action, and hereby, ORDERS, that the defendant's motion to dismiss be GRANTED, with prejudice. It is further ORDERED that the defendant's motion for costs and fees be GRANTED to the extent stated herein. The defendant is directed to file with the Court, within ten days from service of this Memorandum–Decision and Order, an affidavit and supporting documentation relating to the reasonable costs and attorneys' fees associated with this motion.

**IT IS SO ORDERED.**