Molly SHAD, Plaintiff,

v.

**SLOW DANCING MUSIC, INC., Defendant.**

No. 87 Civ. 426(JES).

United States District Court, S.D. New York.

Feb. 15, 2000.

Howard A. Singer, New York City, for Plaintiff.

Cinque & Cinque (James P. Cinque, of counsel), New York City, for Defendant.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Defendant Slow Dancing Music, Inc. ("Slow Dancing"), brings the instant motion to dismiss for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff Molly Shad ("Shad") opposes the motion arguing that the delay was the product of settlement negotiations, that she received no prior warning regarding her failure to pursue the action, and that lesser sanctions are available. For the reasons discussed below, Slow Dancing's motion to dismiss is granted.

### BACKGROUND

Shad commenced the instant action on January 22, 1987, alleging that Slow Dancing breached a settlement agreement entered into by the parties on October 1, 1978. Pursuant to this agreement, Slow Dancing agreed to administer certain copyrights in which the parties were joint owners.

This case proceeded in the normal course for more than three years, when, in July, 1990, Shad, and the new-owner of Slow Dancing, Thomas Shaheen ("Shaheen"), attempted to negotiate a settlement of their disputes over the 1978 agreement. The negotiations culminated in an agreement dated April 5, 1991, (the "1991 agreement"), in which the parties agreed to have Shad administer the copyrights, instead of Slow Dancing. This action was administratively closed on March 25, 1992, after no activity had occurred in the case for close to two years.

In August, 1997, Slow Dancing sued Tamasa Ltd. ("Tamasa"), (an entity controlled by Shad), and others, in the state courts of California, seeking damages and other relief arising out of Tamasa's alleged failure to comply with the terms of the 1991 agreement. Eventually, the California action was refiled in the United States District Court for the Central District of California, where it was in turn sent to arbitration.

On January 16, 1998, this Court directed the Clerk of Court to re-open the above-captioned action at the request of the plaintiffs. Thereafter, defendant filed the instant

motion to dismiss for failure to prosecute, citing Shad's seven-year delay in pursuing this case, prejudice, and plaintiff's admission that the case was not pursued because of the 1991 agreement. Shad counters that the motion should be denied because the delay was the product of "good-faith negotiations" between the parties, that she has not been dilatory in meeting any court imposed deadline, and there had been no prior warning by the court that the case would be dismissed for her failure to prosecute the action. Plaintiff also argues that a lesser sanction—a strong admonition from the Court that any further delay in the prosecution of this action would result in dismissal—is more appropriate than outright dismissal.

## DISCUSSION

■ The Second Circuit has suggested that a District Court, in considering a motion to dismiss for failure to prosecute, should examine five primary factors: (1) the duration of the plaintiff's failure to prosecute; (2) whether the plaintiff received notice that further delays would result in a dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's calendar congestion and the plaintiff's due process rights; and (5) whether the court has addressed the appropriateness of lesser sanctions. *See Shannon v. General Electric Co.*, 186 F.3d 186, 193–94 (2d Cir. 1999); *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir.1993). After considering the record in light of these factors, the Court concludes that defendant's motion to dismiss for failure to prosecute must be granted.

■ Turning to the first factor—the length of plaintiff's delay—it is undisputed that more than eleven years have passed since Shad first filed this lawsuit and more than twenty years since her claims accrued.

Shad also concedes that seven years have passed since she last took any steps to prosecute this action after the parties executed the 1991 agreement, and that she only sought to have the case reinstated after she was sued by the defendant in California. Therefore, given the long delay, this factor weighs strongly in favor of dismissal. Moreover, this conclusion is buttressed by the dubious explanation propounded by the plaintiff that the delay resulted from the fact that the parties were engaged in "good-faith settlement discussions."

Shad contends that the parties contemplated that the 1991 agreement would serve as a "truce" and that this action would somehow be suspended indefinitely.[1] However, plaintiff, in response to the Court's question at oral argument, conceded that the case was not pursued for "strategic reasons" since the parties had consummated a new licensing agreement in 1991. *See* Transcript of Oral Argument held on May 10, 1999, at 24; *see also* Affirmation of Robert M. Urband dated May 5, 1999 at ¶ 7; Affidavit of Tamara Shad dated May 6, 1999 at ¶ 13. Thus, plaintiff's proffered explanation for the delay—the parties' continued settlement negotiations—provides no reason or justification for the delay. To the contrary, counsel's concession that the case was not pursued for "strategic reasons" supports the inference that the plaintiff had abandoned the case in favor of the 1991 agreement.[2]

Plaintiff argues that the second factor—whether the plaintiff received prior warning that the case would be dismissed if she failed to actively prosecute it—precludes dismissal here because she received no notice. Plaintiff contends that a failure to prosecute "warning" is a "prerequisite" to dismissal. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss at 13. While that may be true with respect to *pro se*

---

1. Plaintiff makes much of the fact that the final draft of the 1991 agreement did not contain language from an earlier draft of that agreement that required the plaintiff to dismiss this action within 72 hours after the parties executed the document. Since plaintiff concedes that the final draft of the 1991 agreement contains no such provision, it cannot have any impact on the Court's analysis in this case. In any event, an agreement by the parties, even if made, could in no way restrict the Court's ability to exercise its discretion to dismiss a case which is not being diligently prosecuted.

2. It is worth noting that after the parties executed the 1991 licensing agreement, Shad never contacted the defendant or the Court regarding her continued interest in pursuing this lawsuit. *See* Tr. at 22–23.

litigants, *see Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994) (holding that a plaintiff proceeding *pro se* must be warned before granting a defendant's motion to dismiss for failure to prosecute), where plaintiff is represented by counsel this factor alone is insufficient to prevent dismissal. *See Cognotec v. Morgan Guaranty Trust, Co.,* 1999 WL 627411, at *3 (S.D.N.Y.1999) (Duffy, J.) (citing *Link v. Wabash Railroad Co.,* 370 U.S. 626, 632–33, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

As to the third factor, prejudice, the Court concludes that Slow Dancing would suffer considerable prejudice if forced to prosecute this case now. Defendant's former president, (and principle witness), Thomas Shaheen, has subsequently died, the files from this action, including all of Slow Dancing's accounting records relating to the 1978 agreement were destroyed in a fire in 1996, and other witnesses are outside of this Court's subpoena power.[3] *See* Affidavit of James P. Cinque in Support of Motion to Dismiss at 4. Finally, given the length of the delay, the Court must presume that defendant would suffer prejudice if forced to defend this case now. *See Peart,* 992 F.2d at 462 ("prejudice resulting from unreasonable delay may be presumed as a matter of law").

Similarly, the fourth factor and fifth factors support dismissal of plaintiff's complaint. In balancing the Court's concern for congestion of its docket with Shad's due process concerns, the Court must conclude that dismissal is appropriate. Here, plaintiff's failure to prosecute this case for more than seven years for "strategic reasons" provides the Court with little to balance against its responsibility to see to the swift and fair administration of justice. Thus, the fourth factor, the Court's administration of its docket, cuts in favor of the defendant. Likewise, plaintiff's suggestion that the Court impose a lesser sanction, namely a strong warning or more discovery, in light of the duration of the delay and the prejudice to the defendant, is insufficient. Indeed, were a delay of such magnitude treated so lightly there would be

little, if any, deterrence to the dilatory pursuit of litigation.

In sum, after examining the entire record, the Court concludes that dismissal for failure to prosecute is appropriate. Given the length of the delay, the prejudice to the defendant, the Court's responsibility to move its calendar in a fair and swift manner, and the lack of an effective lesser sanction, the defendant's motion to dismiss shall be granted.

### CONCLUSION

For all of the reasons stated above, defendant's motion to dismiss for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure shall be and hereby is granted. The Clerk of Court is directed to close the above-captioned action.

It is **SO ORDERED.**

---

**3.** To the extent that plaintiff's argues that she would suffer as much or more prejudice from the loss of the documents as the defendant the Court is not persuaded, because any prejudice that

plaintiff might have sustained as a result of the loss of the documents was caused by her own inaction.