**Pearl H. WITT–JACOBOWITZ and Irwin Jacobowitz, Plaintiffs–Appellants,**

v.

**CAREGIVERS, INC., Metropolitan Jewish Geriatric Center, Metropolitan Jewish Health System, MJG Nuring Home Co. and M.J.G.C. Home Care, Defendants–Appellees,**

**40**

Sanus Health Plan of Greater New York, Inc., New Jersey, Inc., Sanus Corp., Health Systems, Sanus Health Plan, New York Sanus, New York Life Health Plans of New York, Inc., Nylcare Health Plans of the Region Name Inc., New York Life Insurance Co., John Doe, Jane Does and New York Life Company, f/k/a Redac, Inc., Defendants.

No. 00–7507.

United States Court of Appeals, Second Circuit.

June 12, 2001.

Irwin Jacobowitz, Layton, NJ, pro se.

Michael J. Dimattia, esq., Ross & Hardies, New York, NY, for appellees.

Present WALKER, Chief Judge, CALABRESI and POOLER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Appellants Pearl H. Witt–Jacobowitz ("Witt–Jacobowitz") and Irwin Jacobowitz ("Jacobowitz") (together, the "Jacobowitzes"), *pro se,* appeal from a April 3, 2000 judgment of the district court of the Eastern District of New York dismissing their complaint pursuant to Fed.R.Civ.P. 37 for repeated failure to appear for properly noticed depositions and otherwise abide by orders from the district court.

In 1997, the Jacobowitzes, *pro se,* filed a complaint against, *inter alia,* the defendants-appellants, Witt–Jacobowitz's former

employers, Caregivers, Inc., Metropolitan Jewish Geriatric Center, Metropolitan Jewish Health System, MJG Nursing Home Co., M.J.G.C. Home Care ("Caregivers"), alleging violations of various provisions of state law arising out of the July 31, 1995 discontinuance of Witt–Jacobwitz's health insurance benefits.

On January 8, 1999, Magistrate Judge Robert Levy issued an order directing the Jacobwitzes to appear for their scheduled depositions on January 12 and 13, 1999. In that order, Judge Levy informed them that failure to comply with the order may result in sanctions; the order did not mention, however, that one of the possible sanctions included dismissal of the action. The Jacobowitzes did not attend these depositions.

During a March 5, 1999 pretrial conference, Judge Levy issued an order directing that all depositions be completed by April 8, 1999. Judge Levy verbally warned the Jacobowitzes that failure to appear could result in sanctions. The depositions were scheduled for March 30 and 31, 1999, and the Jacobowitzes failed to appear.

On April 1, 1999, Caregivers moved for leave to file a motion to dismiss the complaint.

A telephone hearing occurred on April 8, 1999 for the purpose of addressing the Jacobowitzes' Order to Show Cause regarding discovery issues. Upon learning that counsel for Caregivers was included in this hearing, Jacobowitz hung up the phone. Judge Levy made repeated attempts to continue the conversation but Jacobowitz refused to participate. Judge Levy ordered that the Jacobowitzes demonstrate in writing why their Order to Show Cause should not be dismissed. The Jacobowitzes did not comply with this order. Later that day, the Jacobowitzes wrote a letter to Judge Levy accusing him of being biased and "bought off" by the defendants. In this letter, the Jacobow-

itzes also stated, "your orders mean nothing to us, nor does [sic] your sanctions. You should remove yourself from this case so a real judge can be appointed...."

On April 9, 1999, a hearing was held in regard to Cargivers application for leave to file a motion to dismiss. When the Jacobowitzes did not appear for the hearing, the district court made several unsuccessful attempts to contact them telephonically.

On April 27, Caregivers renewed their request for leave to file a motion to dismiss the complaint. In response, on May 20, 1999, Judge Levy issued an order staying Caregivers' request until June 18 and stating that the stay "will afford plaintiffs a final opportunity" to respond to defendant's application for leave to file a motion to dismiss. The court also warned the Jacobowitzes "that they must comply with the deadlines set forth in the May 20th order.... Failure to do so will result in sanctions, including the likely dismissal of this lawsuit." That same day, in an effort to demonstrate the district court's impartiality in the face of the Jacobowitzes' misperception of bias, Judge Levy recused himself. The Jacobowitzes never responded to the May 20th order.

On June 23, 1999, Chief Magistrate Judge Simon Chrein, now assigned to the case, held a conference in which he ordered the Jacobowitzes to make themselves available for depositions, and that failure to do so would result in sanctions. On June 24, 1999, Caregivers gave notice to the Jacobowitzes that their depositions were scheduled for July 27 and 29. The Jacobowitzes again failed to appear for their depositions.

On August 4, 1999, Caregivers again renewed its request for leave to file a motion to dismiss the complaint. On August 23, 1999, Judge Chrein issued an order setting a hearing for September 16,

1999 and requiring all parties to attend. On September 15, 1999, the Jacobowitzes informed the court that they could not attend due to a medical emergency. In response, Judge Chrein ordered the Jacobowitzes to provide the court with a medical note. The next day—the date of the hearing—Judge Chrein adjourned the conference until September 27, 1999 due to inclement weather. The Jacobowitzes did not attend the September 27 conference and did not explain their absence.

On February 9, 2000, Judge Chrein ordered the Jacobowitzes to respond to the motion to dismiss by February 29, 2000, and scheduled a hearing on that motion for March 24, 2000. On March 14, 2000, the Jacobowitzes filed their opposition to the motion to dismiss in which they denied receiving various orders and denied failing to appear as ordered. At the March 24 hearing, which the Jacobowitzes did not attend, the district court found that the Jacobowitzes willfully defied repeated orders of the court and granted the motion to dismiss.

■ We review a district court's decision to dismiss an action for failure to comply with orders regarding discovery and depositions for abuse of discretion. *See Valentine v. Museum of Modern Art,* 29 F.3d 47, 49 (2d Cir.1994) (per curiam).

Federal Rule of Civil Procedure 37 authorizes the dismissal of an action for, *inter alia,* a party's failure to (a) "obey an order to provide or permit discovery" or (b) "appear before the officer who is to take the deposition, after being served with proper notice." Fed.R.Civ.P. 37(b)(2)(C); 37(d).

■ "Dismissal with prejudice is a harsh remedy to be used only in extreme situations . . ., and then only when a court finds willfulness, bad faith, or any fault on the part of the prospective deponent." *Valentine,* 29 F.3d at 49 (citation omitted). The sanction of dismissal with prejudice pursuant to Fed.R.Civ.P. 37 may be imposed against a *pro se* appellant only if the district court warned the *pro se* plaintiff that any further noncompliance with the orders of the district court may result in sanctions, including dismissal of the action. *Id.* at 50.

■ From the record it is clear that (1) the Jacobowitzes willfully and repeatedly failed to comply with the orders of the district court regarding depositions and discovery; and (2) the district court repeatedly warned the Jacobowitzes that failure to comply with such orders could result in sanctions, including dismissal. The Jacobowitzes were on notice that their complaint could be dismissed for failure to comply with the court's orders from at least April 1, 1999 when Caregivers first moved to dismiss the action on that ground of noncompliance with court orders until March 24, 2000 when the motion to dismiss was granted. Thus, for nearly a year the Jacobowitzes knew that their case could be dismissed. They also had every opportunity to avoid dismissal by complying with the court's orders. Accordingly, we can conclude only that the district court did not abuse its discretion in dismissing the appeal with prejudice.

We have considered the Jacobowitzes' remaining arguments and consider them to be without merit. The judgment of the district court is therefore **AFFIRMED.**