Donna CARVALHO, Plaintiff–Appellant,

v.

The State of NEW YORK DEPARTMENT OF TAXATION & FINANCE; The New York State Department of Environmental Conservation; The New York State Department of Environmental Conservation Affirmative Action Program; The New York State Department of Civil Service; New

York State Department of Audit & Control; Terry Agriss, Miss; Robert Flacke, Mr.; Gil Burns, Mr.; Thomas Rider, Mr.; The Public Employees Federation AFL–CIO; The Professional, Scientific and Technical Services Unit of PEF; John Doe, Mr., Pres. of PEF at present, Defendant,

**James Reid, Mr., Defendant–Appellee.**

No. 00–7744L.

United States Court of Appeals, Second Circuit.

Oct. 25, 2001.

Donna Carvalho, Rosedale, NY, pro se.

Leonard A. Cohen, Assistant Attorney General, New York, NY; Eliot Spitzer, Attorney General of the State of New York, Marion R. Buchbinder, Assistant Solicitor General, on the brief, for appellee.

Present OAKES and JACOBS, Circuit Judges, and LYNCH, District Judge.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant Donna Carvalho, *pro se* and *in forma pauperis,* appeals the district court's judgment, dismissing her claims for failure to comply with discovery, pursuant to Fed.R.Civ.P. 37.

In October 1990, Carvalho, an employee at the New York State Department of Environmental Conservation, filed two 42 U.S.C. § 1983 complaints against her supervisor, James Reid, alleging employment discrimination and retaliation. Carvalho requested an extension of discovery which the court granted on the condition that Carvalho first submit to a deposition to be conducted by Reid.

In March 1994, Carvalho was served with a notice of deposition. She skipped

* The Honorable Gerard E. Lynch of the United States District Court for the Southern District of New York, sitting by designation.

the scheduled deposition without explanation, and Reid moved to dismiss pursuant to Rule 37. The court gave Carvalho a second chance and warned her that if she obstructed the deposition again, her case would be dismissed.

Over the next fourteen months, Carvalho employed a calculated strategy of noncompliance. Repeatedly, Carvalho failed to appear for her deposition; when she was present, she would refuse to answer certain questions; and she would leave before the deposition was completed. On several occasions she tried to videotape the deposition notwithstanding the court's instruction that she not do so without first obtaining the court's permission.

On appeal, Carvalho argues, *inter alia,* that (1) the dismissal was an abuse of discretion because Carvalho did not, in fact, disobey any court order; (2) the magistrate judge improperly denied her request to videotape her deposition; (3) the district court erred by failing to respond to the Carvalho's "motion to compel" and "motion to enforce"; and (4) the district court erred by failing to provide her with a "Rule 37 hearing."

■ 1. Dismissal under Fed.R.Civ.P. 37 is confided to the discretion of the district court, and we review only for abuse of discretion. *See Bobal v. Rensselaer Polytechnic Inst.,* 916 F.2d 759 (2d Cir.1990). Dismissal is appropriate when a party violates a court order "due to willfulness, bad faith, or any fault of the [party]." *See Salahuddin v. Harris,* 782 F.2d 1127, 1131–32 (2d Cir.1986) (internal quotations omitted). However, the court must first warn a *pro se* litigant of the consequences of noncompliance. *See Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994).

Although the district court has not specified which orders Carvalho failed to obey, the record reflects multiple violations: (1) she ignored the court's instruction to answer deposition questions; (2) she filed three motions to compel discovery after the court had ruled that it would not permit further discovery until she submitted to a full deposition; (3) she failed to appear on three deposition dates and refused to fully comply with two others; and (4) she tried to videotape her depositions after the court issued an order denying her permission.

After multiple warnings, the court ultimately found "that plaintiff has been given ample opportunity to cooperate with her adversary and the Court [and] a fifth bite of the apple is [not] warranted." *See* ROA doc. 68 at 4. That ruling was not an abuse of discretion.

■ 2. The magistrate judge properly denied Carvalho's request to videotape the deposition. A party must provide adversaries with notice of intention to use non-stenographic methods to record a deposition, and an independent party must make the recording. Fed.R.Civ.P. 30(b)(4); Fed.R.Civ.P. 28(c). Carvalho failed to provide notice, nor did she arrange for third party recording.

3. Carvalho's "motion to compel" and "and motion to enforce" are moot in light of the dismissal of her underlying § 1983 claim.

4. Carvalho's argument that the district court should have afforded her a "Rule 37 hearing" is meritless; her arguments were heard and rejected.

True to form, Carvalho did not appear for oral argument before this Court and advised the Court of her nonappearance on the morning of oral argument.