**MCI WORLDCOM, INC., f/k/a Worldcom Technologies, Inc. and MFS Telecom, Inc., Plaintiff–Appellee/Counterclaim Defendant,**

v.

**Isaac LEVIN, Defendant–Appellant/Counterclaimant,**

**EMPIRE TEL INC., Defendant/Counterclaimant,**

**ABC COMPANIES 1–10, Defendants.**

**Docket No. 01–9035.**

United States Court of Appeals, Second Circuit.

March 29, 2002.

Isaac Levin, pro se, North Woodmere, NY, for Appellant.

Mark J. Rachman; Neal H. Klausner, James M. Rittinger, on the brief, Davis & Gilbert LLP, New York, NY, for Appellee.

Present FEINBERG, STRAUB and KATZMANN, Circuit Judges.

*SUMMARY ORDER*

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Defendant–Appellant Isaac Levin, *pro se,* appeals from the judgment of the United States District Court for the Southern District of New York (William H. Pauley, III, *Judge* ), entered July 25, 2001, granting Plaintiff–Appellee MCI Worldcom, Inc.'s motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure and entering default judgment against Levin.

This Court reviews a district court's entry of default judgment, and the imposition of sanctions under Rule 37 generally, for abuse of discretion. *See, e.g., Bambu Sales, Inc. v. Ozak Trading Inc.,* 58 F.3d 849, 852 (2d Cir.1995); *Bobal v. Rensselaer Polytechnic Inst.,* 916 F.2d 759, 764 (2d Cir.1990), *cert. denied,* 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991). The record reveals that Levin willfully and repeatedly failed to appear for depositions

and comply with the District Court's orders, and that the District Court warned Levin that failure to comply with court orders could result in sanctions, including the entry of default judgment. We find that the District Court did not abuse its discretion in entering default judgment against Levin. *See, e.g., Valentine v. Museum of Modern Art,* 29 F.3d 47, 47–50 (2d Cir.1994) (district court did not abuse its discretion in dismissing action with prejudice where *pro se* plaintiff unjustifiably failed to appear for a deposition after being warned that failure to appear would result in dismissal of the case); *Bobal v. Rensselaer Polytechnic Inst.,* 916 F.2d 759, 765–66 (2d Cir.1990) (same). Accordingly, for substantially the reasons stated in the District Court's order of July 18, 2001, *MCI Worldcom, Inc. v. Empire Tel Inc.,* 00 Civ. 3546, Slip Op. at 1–3 (S.D.N.Y. July 18, 2001), the judgment of the District Court is AFFIRMED.