**Ronald PERRO, Plaintiff–Appellant,**

**v.**

**UNITED STATES of America, Defendant–Appellee.**

**No. 03–6220.**

United States Court of Appeals, Second Circuit.

May 5, 2004.

Ronald Perro, Bay Shore, New York, for Appellant, pro se.

Claire S. Kedeshian, Assistant United States Attorney, Eastern District of New York (Roslynn R. Mauskopf, United States Attorney; Steven J. Kim, Assistant United States Attorney, on the brief), Brooklyn, New York, for Appellee.

Present: RAGGI, WESLEY, Circuit Judges, and STEIN,[2] District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment entered September 10, 2003, is AFFIRMED.

Plaintiff–Appellant Ronald Perro appeals from a judgment of dismissal of his civil claim entered as a sanction pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(C) for multiple failures to attend pretrial conferences. After Perro failed to appear at several initial conferences in his case, the district court, by order dated May 14, 2003, announced that if Perro failed to appear at the next conference, scheduled for June 4, 2003, "the Court shall recommend that the instant action be dismissed." [DA.35] Perro did not appear on June 4, 2003, nor on June 17, when the district court afforded him the opportunity to appear telephonically, nor on August 13. In setting each of these conference dates, the district court had cautioned Perro in writing that a failure to

2. The Honorable Sidney H. Stein of the United States District Court for the Southern District of New York, sitting by designation.

**50**

appear without advance notice or a showing of cause would result in dismissal. [DA.47, 51]

We review the district court's Rule 16(f) sanction for abuse of discretion. *See Ashlodge, Ltd. v. Hauser,* 163 F.3d 681, 683 (2d Cir.1998), *overruled on other grounds, as stated in New Pac. Overseas Group (U.S.A.) Inc. v. Excal Int'l Dev. Corp.,* 252 F.3d 667, 669 (2d Cir.2001). Although "[d]ismissal with prejudice is a harsh remedy," a district court may impose it "in appropriate cases," such as when "a court finds willfulness, bad faith, or any fault" on the part of the party to be sanctioned. *Valentine v. Museum of Modern Art,* 29 F.3d 47, 49–50 (2d Cir.1994) (per curiam). Moreover, "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se,* so long as a warning has been given that noncompliance can result in dismissal." *Id.* at 50. This is because unexcused absences after receipt of such a warning are presumptively willful.

In this case, Perro's unexcused failures to appear for scheduled conferences persisted after three explicit warnings that further disregard for the court's orders would result in dismissal of his claim. On these facts, we find no abuse of the district court's discretion in ordering dismissal.

Accordingly, the district court's judgment of dismissal is hereby AFFIRMED.