10-2599-cv,
SEC v. Great American Technologies

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of April, two thousand eleven.

PRESENT:
    CHESTER J. STRAUB,
    ROBERT D. SACK,
    GERARD E. LYNCH,
        *Circuit Judges*.

_____

SECURITIES AND EXCHANGE COMMISSION,
                            *Plaintiff-Appellee*,

          v.                                        No. 10-2599-cv

VINCENT SETTEDUCATE, AKA Vincent Sette,
                            *Defendant-Appellant,*

GREAT AMERICAN TECHNOLOGIES, INCORPORATED,
                            *Defendant*.

_____

FOR APPELLANT:         Vincent Setteducate, *pro se*, Newark, NJ.

FOR APPELLEE:          Jeffrey A. Berger, Mark Pennington, Mark D. Cahn, Michael A. Conley, David M. Becker, Securities and Exchange Commission, Washington, D.C.

          Appeal from the judgment of the United States District Court for the Southern District of

New York (Chin, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment be **AFFIRMED.**

Vincent Setteducate, a/k/a Vincent Sette, *pro se*, appeals from the district court's judgment in favor of the Securities and Exchange Commission, which was premised upon a default judgment against Sette for failing to comply with discovery orders. We assume the parties' familiarity with the facts and procedural history.

Federal Rule of Civil Procedure 37(b) provides that, when a party fails to comply with a discovery order, a court may impose sanctions which include: "striking pleadings in whole or in part," and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2). While we have expressed a preference that litigation disputes be resolved on the merits, and not by default, *see Marfia v. T.C. Ziraat Bankasi, New York Branch*, 100 F.3d 243, 249 (2d Cir. 1996), we have also consistently recognized that Rule 37 sanctions are applicable in "extreme circumstances," where "a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (citation omitted); *see also Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990).

We review the imposition of sanctions for abuse of discretion, and the factual findings made in support of the district court's decision for clear error. *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 143 (2d Cir. 2010). In "evaluating a district court's exercise of discretion" to impose sanctions pursuant to Rule 37, we have relied on factors including: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant

2

party had been warned of the consequences of noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal quotation marks and alteration omitted).

Even the most severe Rule 37 sanctions "may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result" in a sanction. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (affirming dismissal sanction after a *pro se* plaintiff failed to appear for his deposition). While *pro se* litigants have no right to ignore or violate court orders, they must nonetheless be made aware of the possible consequences of their actions. *See Bobal*, 916 F.2d at 764 (holding that, before the district court could impose a dismissal sanction against a *pro se* litigant for failure to appear at deposition and walking out of a pre-trial conference, it should have informed her that violation of a court order would result in dismissal of her case with prejudice).

Having conducted a review of the record in light of these principles, we affirm the district court's judgment. The record amply demonstrates that: (1) Sette failed to produce documents requested by the SEC, in violation of the district court's April 2009, and extended June 2009 deadlines; (2) he refused to appear for his October 2009 deposition and violated the district court's two orders to appear for his November 2009 and December 2009 depositions; (3) his conduct was willful and deliberate, as evidenced by his refusal to attend the November 2009 deposition despite having chosen the date himself, and his last minute notices informing the SEC of his refusal to attend depositions; (4) his repeated non-compliance with discovery requirements created a substantial delay in the case, requiring multiple extensions of the discovery period; (5) the district court's two warnings gave him sufficient notice that further non-compliance would result in sanctions, including the striking of his answer and the entry of default judgment; and (6) his behavior was consistent with a deliberate strategy to delay resolution of the case, where there

was a strong public interest in prompt disposition. Although the district court did not specifically address the efficacy of lesser sanctions, the record demonstrates that a lesser sanction would have been ineffective in light of Sette's repeated and unwavering refusal to attend his deposition. We identify no abuse of discretion in the district court's entry of default judgment against Sette.

We have considered all of Appellant's arguments on appeal and find them to be without merit. For the reasons stated above, the district court's judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4