11-2554
Brissett v. Manhattan and Bronx Surface Operating Auth.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of July, two thousand twelve.

PRESENT:
> PIERRE N. LEVAL,
> ROSEMARY S. POOLER,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

———————————————————————————

Alice Brissett,

> *Plaintiff-Appellant*,

> v.                                                          11-2554

Manhattan and Bronx Surface Transit Operating
Authority,
> *Defendant-Appellee*,

Joseph Staniszewski, Nelson Hernandez, Lou
Maiello, Michael Danilczyk, Larry Mustillo,[1]

> *Defendants*.

———————————————————————————

_____

[1] We direct the Clerk of Court to amend the official caption of this case to reflect the parties' designations herewith.

FOR APPELLANT:            Alice Brissett, *pro se*, Staten Island, New York.

FOR APPELLEES:            Kristen M. Nolan, Office of the General Counsel, New York City
                          Transit Authority Law Department, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *C.J.*; Bloom, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Alice Brissett, proceeding *pro se*, appeals from the district court's dismissal of her employment discrimination action pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure due to her non-compliance with discovery orders.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews the imposition of sanctions, including dismissal, for abuse of discretion, and the factual findings made in support of the district court's decision for clear error. *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 143 (2d Cir. 2010).  "[I]n evaluating a district court's exercise of discretion to dismiss an action under Rule 37," this Court has considered: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citation and internal quotation marks omitted); *see also S. New England Tel. Co.*, 624 F.3d at 144 (stating that "these factors are not exclusive, and they need not each be resolved against the party challenging the district court's sanctions for us to conclude that those sanctions were within the court's discretion" (citation omitted)).  Moreover, "[t]he severe sanction of dismissal with

2

prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning

has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern*

*Art*, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam) (citations omitted).

After an independent review of the record and relevant case law, we conclude that the

district court did not err in dismissing Brissett's complaint. We recognize that dismissal is a

harsh sanction, particularly for a *pro se* litigant.  But where, as here, a litigant has been warned

explicitly and repeatedly that failure to comply with the court's orders will lead to dismissal, it

cannot be called abuse of discretion when that sanction is ultimately imposed for continued non-

compliance.

We have considered Brissett's remaining arguments on appeal and find them to be

without merit.  For the foregoing reasons, the judgment of the district court is hereby

**AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
