**UNITED STATES of America, Appellee,**

v.

**TWENTIETH CENTURY FOX FILM CORPORATION,**
**Defendant–Appellant.**

**No. 699, Docket 90–1501.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 10, 1991.
Decided Feb. 25, 1991.

William E. McDaniels (Steven R. Kuney, Kathleen L. Beggs, Williams & Connolly, Washington, D.C., on the brief), for defendant-appellant.

John P. Fonte (James F. Rill, Asst. Atty. Gen., Michael Boudin, Deputy Asst. Atty. Gen., Robert B. Nicholson, Bernard M. Hollander, James J. Tierney, U.S. Dept. of Justice, Washington, D.C., on the brief), for appellee.

Before KAUFMAN, NEWMAN, and McLAUGHLIN, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

When this case was before us on a prior appeal, we ruled that a criminal contempt fine could not be imposed in an amount greater than $100,000 in the absence of a jury trial. *See United States v. Twentieth Century Fox Film Corp.*, 882 F.2d 656 (2d Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 722, 107 L.Ed.2d 741 (1990). Twentieth Century Fox Film Corporation ("Fox") now brings a second appeal in an effort to persuade us that it was improperly assessed costs of prosecution. Fox appeals from that portion of the July 11, 1990, judgment of the District Court for the Southern District of New York (Miriam Goldman Cedarbaum, Judge) imposing costs of prosecution in the amount of $36,039. Fox contends that $31,497 of this sum was improperly assessed because not within the categories of allowable costs specified in 28 U.S.C. § 1920 (1988). Though sequels have enjoyed considerable success in the world of moviemaking, we think they have a limited role in the appellate process. In this instance, we conclude that Fox has waived its challenge to the calculation of costs by failing to raise it on the prior appeal.

Fox was adjudicated in criminal contempt in 1988 by the late Judge Edmund L. Palmieri for violating a 1951 consent decree that concluded a Government antitrust action. On December 7, 1988, Judge Palmieri imposed a fine of $500,000 and assessed costs of prosecution in the amount of $40,397 and a special assessment of $200, *see* 18 U.S.C. § 3013(a)(2)(B) (1988). The costs were itemized in a bill of costs prepared by the prosecution and hand delivered to counsel for Fox. On December 15, 1988, Fox moved to vacate or modify the special assessment, and Judge Palmieri reduced the special assessment to $100. No challenge was made to the costs of prosecution.

Fox then appealed to this Court, challenging both the merits of the contempt adjudication and the sentence. As to the sentence, Fox contended that, under the Sixth Amendment, no fine in excess of $10,-000 could be imposed for criminal contempt without a jury trial. We upheld the contempt conviction, 882 F.2d at 659–61, and, agreeing that the Sixth Amendment places some limit on the amount of a fine that may be imposed upon an organization for criminal contempt, determined that the limit was $100,000. *Id.* at 661–65. As a remedy for imposition of the $500,000 fine without a jury trial, we vacated the penalty and remanded "for proceedings not inconsistent with this opinion," *id.* at 666, in order to afford the Government a choice between accepting a fine of $100,000 or accepting a retrial before a jury in the hope of obtaining the basis for a sentence in excess of $100,000. *Id.* at 665; *see Bloom v. Illinois,* 391 U.S. 194, 211, 88 S.Ct. 1477, 1487, 20 L.Ed.2d 522 (1968).

On remand, the matter was reassigned to Judge Cedarbaum after Judge Palmieri's

death. The Government elected to accept a fine limited to $100,000 and requested Judge Cedarbaum to enter judgment for such a fine, plus the costs of prosecution originally imposed. In response, Fox asserted, for the first time in the litigation, that the correct amount of taxable costs was $4,542. Fox contended that only items specified in 28 U.S.C. § 1920 could be taxed as costs of prosecution, and that such items totaled $4,542. When Judge Cedarbaum inquired why Fox had not challenged the calculation of costs in connection with the original sentencing, counsel for Fox responded that he had thought that Judge Palmieri was imposing costs "as a penalty for contempt" in the exercise of the court's contempt power, rather than in the exercise of the statutory authority to assess costs of prosecution under 28 U.S.C. § 1918(b) (1988).

Judge Cedarbaum declined to entertain Fox's claim that only items specified in section 1920 could be included when costs of prosecution are assessed under section 1918(b). The District Judge ruled that Fox had not preserved the issue in view of its failure to raise the issue at the original sentencing, or when it sought modification of the $200 assessment a few days later, or when it appealed the contempt fine to this Court. Judge Cedarbaum also ruled that Fox could not claim "plain error" under Fed.R.Crim.P. 52(b) since costs are within the discretion of a district court and this Court had never ruled on whether costs of prosecution may include items beyond those specified in section 1920. The District Judge therefore entered judgment imposing a fine of $100,000, plus costs of prosecution and a special assessment of $100. Accepting correction of a clerical error the Government had noticed that it had made in its original bill of costs, see Fed.R.Crim.P. 36, Judge Cedarbaum fixed costs at $36,039.[1]

We agree with Judge Cedarbaum that Fox's challenge to the calculation of costs comes too late. The policy against piecemeal appeals, normally invoked to assure that matters are not brought to an appellate court in advance of a final judgment, also points toward a restriction upon the ability of a litigant, properly appealing from a final judgment, to save available issues for a subsequent appeal. Though an appellate court reviewing a final judgment retains some discretion to entertain an issue on a subsequent appeal under compelling circumstances, we see no such circumstances here.

Fox was on notice that Judge Palmieri was imposing costs of prosecution in the exercise of his authority under section 1918(b). The clearest indication of his intention emerges from his written opinion finding Fox guilty. In that opinion, Judge Palmieri recounted his previous contempt adjudication of Fox for a 1978 violation of the consent decree and noted that on that occasion Fox "was sentenced to pay a fine of $25,000 and to pay, in addition, the costs of prosecution, see 28 U.S.C. § 1918(b)." *United States v. Twentieth Century Fox Film Corp.*, 700 F.Supp. 1246, 1252 (S.D.N.Y.1988). Moreover, at the 1988 sentencing, following issuance of the written opinion, Government counsel called Judge Palmieri's attention to the fact that his opinion, in typescript form, had incorrectly cited section 1918(b) as appearing in Title 18, instead of Title 28. Judge Palmieri said the citation would be corrected, noting in the presence of counsel for Fox, "That has to do with the costs of prosecution." Finally, in imposing sentence, Judge Palmieri stated explicitly that the costs of prosecution were being imposed "[i]n addition to the $500,000 fine."

With the record thus making evident Judge Palmieri's imposition of costs of prosecution pursuant to section 1918(b), and not as part of a contempt power punishment, it was incumbent upon Fox to include in the prior appeal its current claim that section 1918(b) costs are limited by section 1920. No such claim was made. Obviously, Fox would be entitled to raise a challenge to costs at this time if the challenge concerned some error alleged to have been committed by the District Court in implementing this Court's mandate. But

---

1. One item concerning fees for witnesses had inadvertently been counted twice.

our mandate concerned only the amount of the fine and did not disturb the assessment of costs, and Judge Cedarbaum added no costs beyond those previously imposed by Judge Palmieri in 1988. There is no justification for permitting Fox to bring this second appeal to raise a claim fully available on the prior appeal. *See Fogel v. Chestnutt,* 668 F.2d 100, 108–09 (2d Cir.1981), *cert. denied,* 459 U.S. 828, 103 S.Ct. 65, 74 L.Ed.2d 66 (1982).

The judgment of the District Court is affirmed.