128 F.3d 99
 38 Fed.R.Serv.3d 1184, 44 U.S.P.Q.2d 1530
 FONAR CORPORATION, Plaintiff-Counter-Defendant,
Laurence Shiff, Appellant,
v.
MAGNETIC RESONANCE PLUS, INC. and Robert Domenick,
Defendants-Counter-Claimants-Appellees.
 No. 837, Docket 95-7847.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 30, 1997.
Decided Oct. 17, 1997.
 
 Laurence Shiff, Shiff & Tisman, New York City, (Stephen E. Tisman, Valerie D. Ringel, Shiff & Tisman, New York City, of counsel), for Appellant.
 Ronald S. Katz, Janet Arnold Hart, Coudert Brothers, San Francisco, CA, (Lateef Mtima, Klehr, Harrison, Harvey, Branzburg & Ellers, Philadelphia, PA, of counsel), for Appellees.
 Before: WALKER, PARKER, and HEANEY,* Circuit Judges.
 PER CURIAM.
 
 I.
 
 1
 Laurence Shiff, attorney for plaintiff Fonar Corporation, appeals from the August 3, 1995 order of the United States District Court for the Southern District of New York (Motley, J.), which sanctioned him and Fonar pursuant to Fed.R.Civ.P. 37 for their willful violation of the district court's discovery order. We affirm. The underlying action which gave rise to this appeal is the litigation between Fonar and the defendants-appellees Magnetic Resonance Plus, Inc. ("MR Plus") and Robert Domenick for unfair competition and copyright infringement.
 
 
 2
 Fonar manufactures magnetic resonance imaging scanners. On April 7, 1993, Fonar filed suit against MR Plus for unfair competition and copyright violations claiming MR Plus had improperly copied Fonar's diagnostic software while servicing Fonar machines. MR Plus denied the allegations and asserted various counterclaims.
 
 
 3
 Fonar's original counsel in the litigation was Scott Fields, Fonar's in-house counsel. While Fields served as counsel, Fonar failed to comply with a September 29, 1994 order of the district court to produce its employees for deposition during the week of October 24, 1994. Fonar also designated Timothy Damadian, Fonar president Dr. Raymond Damadian's son, as Fonar's Fed.R.Civ.P. 30(b)(6)[1] witness even though he had little direct knowledge relevant to the underlying suit. Moreover, Fonar twice cancelled Timothy Damadian's deposition only one day before each deposition was scheduled.
 
 
 4
 In November 1994, Fonar retained the appellant Laurence Shiff as counsel for itself and Fields. Shiff assumed responsibility for the case on December 12, 1994. Shiff immediately requested and was granted a ninetyday extension in the discovery schedule. On February 7, 1995, MR Plus specifically noticed the deposition of Dr. Raymond Damadian to commence on February 28, 1995. Shiff failed to produce Dr. Damadian. Instead, he requested another ninety-day extension. The court granted a thirty-day extension.
 
 
 5
 On April 20, 1995, following a lengthy pre-trial conference, the court issued a specific order directing, inter alia, Dr. Damadian to appear for deposition during the week of May 22, 1995. On April 27, pursuant to the April 20th order, defendants noticed Dr. Damadian's deposition to commence on May 23, 1995.
 
 
 6
 On the day Dr. Damadian's deposition was to begin, Shiff wrote a letter to the district court announcing that Dr. Damadian would be unavailable from May 22 until May 26, 1995 due to his involvement in a patent trial. Shiff did not explain the nature of Dr. Damadian's involvement in the trial, nor did Shiff explain why Dr. Damadian could not be deposed in the evenings. Shiff further failed to explain why he waited until the day the deposition was to commence to inform the district court of the scheduling conflict. Instead, Shiff offered to make Dr. Damadian available during the week of May 29, 1995 on the condition that the deposition be limited to one day.
 
 
 7
 Between June 6 and June 20, 1995, Shiff was apparently occupied with the care of his mother who had suffered a stroke. During this period, Shiff made no effort to contact the district court to explain his situation. On June 22, 1995, the district court held another pre-trial conference for the purpose of resolving the issue of Dr. Damadian's deposition. Although Shiff explained that his absence resulted from his tending to his mother's health needs, Shiff offered no explanation for the failure to schedule Dr. Damadian's deposition between May 26 and June 6 or after June 20, 1995.
 
 
 8
 On June 27, 1995, MR Plus notified Fonar that it would file a motion seeking sanctions against Fonar pursuant to Rule 37(b)[2] for Fonar's failure to provide Dr. Damadian for deposition. The following day MR Plus filed its motion, and the district court conducted a hearing on the motion, finding that Fonar wrongfully failed to produce its witness. It also determined that Shiff was responsible for the failure. It imposed sanctions of $10,000 on Fonar and $500 on Shiff.
 
 
 9
 On June 30, 1995, the district court scheduled another hearing on the sanctions issue because the record of the June 28th hearing had not been taken by an official court reporter. The court scheduled the rehearing for July 18, 1995, giving Shiff eighteen days to file an answer defending against the imposition of sanctions against him. Shiff filed his answer on July 12.
 
 
 10
 At the July 18th hearing, the district court held the scheduled hearing. Shiff appeared and advanced several reasons why the court should not impose sanctions against him. He raised no due process arguments.
 
 
 11
 On August 3, 1995, the district court issued an order granting defendants' motion for sanctions under Rule 37(b) against both Fonar and Shiff for dilatory discovery tactics. The order fined Shiff $500 for contempt of court for his role in Dr. Damadian's failure to appear for deposition. Shiff appeals.
 
 II.
 
 12
 We review the district court's decision to impose sanctions for counsel's failure to obey discovery orders for an abuse of discretion. Sieck v. Russo, 869 F.2d 131, 134 (2d Cir.1989). Shiff claims that in its determination to impose "a fine of $500.00 ... for his role in Dr. Damadian's failure to appear for his deposition," the district court denied him of his right to due process. We disagree.
 
 
 13
 As a general rule, a court is not obliged to give a formal warning that sanctions might be imposed for violation of the court's orders. Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1366 (2d Cir.1991) ("Parties and counsel have no absolute entitlement to be 'warned' that they disobey court orders at their peril."). A court must provide notice to an attorney facing a charge of contempt prior to convening to consider sanctions so the attorney may prepare and present a defense to the charges. See Schoenberg v. Shapolsky Publishers, Inc., 971 F.2d 926 (2d Cir.1992).
 
 
 14
 Shiff argues that he was denied due process because the district court only notified him that he faced possible sanctions pursuant to Rule 37(b) and did not notify him he could be sanctioned for contempt of court.[3] Shiff relies on Schoenberg, for the proposition that notice of possible "sanctions" against an attorney cannot substitute for notice of a possible finding of "contempt." Id. at 934. In Schoenberg, the district court ordered the defendants to show cause why they should not be held in contempt and ordered the defendants and their counsel to show why they should not be sanctioned for violating Fed.R.Civ.P. 11[4] or some other authority. Id. at 930. At the hearing to consider sanctions, the court sua sponte held counsel for the defendants in contempt. Id. This court reversed, stating that " '[a] person charged with civil contempt is entitled to notice of the allegations, the right to counsel, and a hearing at which the plaintiff bears the burden of proof and the defendant has an opportunity to present a defense.' " Id. at 934-35 (quoting United States v. City of Yonkers, 856 F.2d 444, 452 (2d Cir.1988), rev'd on other grounds, 493 U.S. 265, 110 S.Ct. 625, 107 L.Ed.2d 644 (1990)). We held that the sanctioned counsel had been denied all of these protections and vacated the order of contempt.
 
 
 15
 We believe that Schoenberg can and should be distinguished from this case. Here, based on the outcome of the June 28th hearing, Shiff had notice of the allegation that he had participated in dilatory tactics during discovery. He also had notice that he could be fined for this conduct pursuant to Rule 37(b). He not only received adequate notice of the charges, but he was also given and took advantage of the opportunity to present a defense. Shiff makes no claim that he was denied the right to counsel and made no complaint before the district court that he had been denied due process. He was fully apprised of the sanctioning authority, Rule 37(b), which explicitly permits a district court to issue an order "treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination." Fed.R.Civ.P. 37(b)(2)(D).
 
 
 16
 Shiff next challenges certain factual findings of the district court. We review the district court's factual findings under the clearly erroneous standard. Thomas E. Hoar, Inc. v. Sara Lee Corp., 882 F.2d 682, 687 (2d Cir.1989).
 
 
 17
 Shiff specifically challenges the district court's finding that Fonar engaged in a bait-and-switch tactic by substituting Timothy Damadian for Dr. Raymond Damadian as Fonar's Rule 30(b)(6) witness. Even if Shiff were to succeed in challenging this finding, it is irrelevant to the conduct for which Shiff was sanctioned. If such a tactic was employed, it was employed during the period when Fields, not Shiff, was in charge of the litigation. Thus, this factual finding was material only with respect to the imposition of sanctions against Fonar and was irrelevant as to the sanctions against Shiff.
 
 
 18
 We hold that the district court's findings of fact are supported by the record and not clearly erroneous. Therefore, Shiff's failure to produce Dr. Damadian for deposition during the week of May 22, 1995 as directed by the district court, coupled with his failure to produce Dr. Damadian pursuant to the February 28th notice of deposition, his failure to inform the court prior to May 23, 1995 that Dr. Damadian would not be available that day, his affront to the district court in conditioning Dr. Damadian's deposition on a one-day limitation, and his inability to explain the lack of production of the witness from May 26 to June 6 and after June 20, 1995 fully justifies the district court's imposition of sanctions for his contempt of court under Rule 37(b).
 
 
 
 *
 The Honorable Gerald W. Heaney, United States Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 Fed.R.Civ.P. 30(b)(6) provides:
 A party may in the party's notice and in a subpoena name as the deponent a ... private corporation ... and describe with reasonable particularity the matters on which examination is requested. In that event, the [corporation] so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.... The persons so designated shall testify as to matters known or reasonably available to the [corporation].
 
 
 [2]
 Rule 37(b) provides in pertinent part as follows:
 If a deponent fails to be sworn or to answer a question after being directed to do so by the court in the district in which the deposition is being taken, the failure may be considered a contempt of that court.
 .... If a party or an officer, director, or managing agent of a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just.
 ....
 [T]he court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
 
 
 [3]
 Schiff also argues for the first time on appeal in his petition for rehearing that he did not receive final notice as required by Local Civil Rule 83.9 of the Southern District of New York. Local Rule 83.9(a) requires that a finding of civil contempt under Federal Rules 37(b)(1) and 38(b)(2) be preceded by the service of a notice of motion to show cause including an affidavit setting out, with particularity, the alleged misconduct, any claim for damages, and the evidence as to the amount of any damages available to the moving party. S.D.N.Y. R.Civ.P. 83.9(a). Although the notice provided to Schiff in the present case does not meet the particularized notice requirement of Rule 83.9(a), Schiff failed to raise this issue below and may not do so here. See United States v. Twentieth Century Fox Film Corp., 926 F.2d 227, 230 (2d Cir.1991)
 
 
 [4]
 Rule 11, entitled "Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions," establishes rules regarding the signing of papers presented to a federal court by attorneys of record or parties to an action before the court. Fed.R.Civ.P. 11(a). Rule 11 further mandates that such a signing acts as a representation by the signer to the veracity and legitimacy of the paper signed. Fed.R.Civ.P. 11(b). The rule permits the imposition of sanctions against a party or counsel who violates subdivision (b) of the rule to "deter repetition of such conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(c)