**FRIENDS OF ANIMALS INCORPORATED and Priscilla Feral, Plaintiffs–Appellants,**

v.

**UNITED STATES SURGICAL CORPORATION, Leon Hirsch, Mary Lou Sapone, Perceptions International, Inc. and Jan Reber, Defendants–Appellees.**

**No. 810, Docket 97–6067.**

United States Court of Appeals, Second Circuit.

Argued Dec. 10, 1997.

Decided Dec. 22, 1997.

Herman Kaufman, Old Greenwich, CT (Peter Casey, Regnier, Taylor, Curran & Eddy, Hartford, CT, of counsel) for Plaintiffs–Appellants.

Hugh F. Keefe, Lynch, Traub, Keefe & Errante, New Haven, CT (Eric P. Smith, of counsel) for Defendants–Appellees.

Before: ALTIMARI and CABRANES, Circuit Judges, and PARKER, District Judge.*

PER CURIAM:

Plaintiffs-appellants Friends of Animals Incorporated ("FOA") and Priscilla Feral, the president of FOA, appeal from that por-

---

* The Honorable Barrington D. Parker, Jr., United States District Judge for the Southern District of New York, sitting by designation.

tion of a judgment of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*) dismissing their complaint with prejudice.

## I.

FOA and Feral brought this action in state court in Connecticut alleging, principally, defamation claims under Connecticut state law and wiretapping in violation of 18 U.S.C. § 2510 *et seq*. The plaintiffs alleged that the defendants-appellees had defamed them by making statements linking FOA and Feral with Frances Trutt, a woman convicted of attempting to murder Leon C. Hirsch, the president and CEO of United States Surgical Corporation ("U.S. Surgical"), with a pipe bomb. Plaintiffs also alleged that the defendants were responsible for a wiretap discovered on telephone lines at FOA's corporate headquarters. The defendants later filed their own counterclaims for, *inter alia*, defamation and vexatious litigation.

Following defendants' removal of the case from Connecticut Superior Court to the United States District Court for the District of Connecticut, the case was assigned to Judge Eginton, who referred discovery matters to Magistrate Judge Thomas P. Smith.

The parties then set out upon a protracted and extraordinarily contentious process of discovery. As of late February 1993, only a little over two years after the removal to federal court, the 65–page case docket sheet contained nearly 650 entries, virtually all of which pertained to contested discovery activity and court orders in response to those disputes. While hotly-contested litigation might normally produce a storm of discovery activity, more was apparently at work here. The proceedings in this case were, according to Judge Eginton, marked by "a systematic pattern of discovery abuse" on the part of FOA and Feral's counsel that proved "so bold that it is undeniable, so pervasive that it infects virtually the entire record, and so unfair that it fully deserves ... drastic sanctions."

By February 1993, Magistrate Judge Smith had warned plaintiffs' counsel on at least five separate occasions that continued misconduct would risk "drastic sanctions," including dismissal of the complaint. The misconduct in question included, *inter alia*, ignoring court orders, ignoring deadlines for filing memoranda, filing improperly signed or sworn interrogatories, coaching witnesses at depositions, answering questions posed to deponents, and failing to supply documents called for in a subpoena duces tecum. Virtually all of Magistrate Judge Smith's more than 50 discovery rulings had been adverse to FOA and Feral, and he had found probable grounds for expense-shifting sanctions against them pursuant to Federal Rule of Civil Procedure 37(b)(2)[1] at least thirteen times.

On February 19, 1993, in response to two more apparent violations of the court's discovery orders, the magistrate judge recommended dismissal with prejudice of the plaintiffs' complaint, pursuant to Rule 37(b)(2)(C). Judge Eginton adopted that recommendation on March 23, 1993, stating that "[a]fter thorough *de novo* review, the court finds that the Magistrate Judge's legal conclusions are sound, that his factual findings are well-supported by the record, and that the sanction of dismissal is not simply fully warranted by the record, but is practically commanded by it."

FOA and Feral now appeal that portion of the district court's final judgment dismissing

---

1. Fed.R.Civ.P. 37(b) provides, in pertinent part: (2) If a party ... fails to obey an order to provide or permit discovery ... or if a party fails to obey an order entered under Rule 26(f) [relating to discovery plans], the court ... may make such orders in regard to the failure as are just, and among others the following:

....

(C) An order ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

....

In lieu of any of the foregoing orders or in addition thereto, the court shall require any party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

their complaint.[2]

## II.

 A district court has broad power to impose Rule 37(b) sanctions in response to abusive litigation practices. *See Penthouse Int'l Ltd. v. Playboy Enterprises*, 663 F.2d 371, 386 (2d Cir.1981). As we have observed, "a decision to dismiss an action for failure to comply with discovery orders will only be reversed if the decision constitutes an abuse of ... discretion"; the court's factual findings supporting its decision are reviewed for clear error. *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir.1988); *see Fonar Corp. v. Magnetic Resonance Plus, Inc.*, 128 F.3d 99, 101–02 (2d Cir.1997); *see generally* 7 Moore's Federal Practice § 37.50[1][b] & [2][b] (3d ed.1997).

 FOA and Feral contend that Judge Eginton abused his discretion by adopting Magistrate Judge Smith's recommendation that they be sanctioned with dismissal for their counsel's discovery abuses. Attorney Kaufman, plaintiffs' counsel, maintains to this day that he and his colleagues bear no responsibility whatsoever for this predicament. Counsel argues instead that Magistrate Judge Smith was biased against the plaintiffs, that he unfairly favored the defendants by ruling inconsistently on discovery matters, and that he "engaged in a series of attacks upon FOA and its counsel, designed to cast [them] in an unfavorable light in order to build a record for dismissal." These would be serious charges indeed—were they supported by the record in this case. They are not.

The record before us reveals no abuse of discretion by Judge Eginton in affirming Magistrate Judge Smith's dismissal recommendation, and no error by Magistrate Judge Smith in arriving at that recommendation. We afford considerable deference to the district court's familiarity with the proceedings. Viewing the record as a whole, we are not in any way persuaded that the district court's factual finding of willfulness and substantial fault on the part of plaintiffs' counsel was clearly erroneous. Nor was the decision, based on those findings, to impose the sanction of dismissal an abuse of discretion. Entirely to the contrary, it is all too apparent from the record before us that lesser sanctions were ineffective in deterring discovery misconduct, that plaintiffs were warned that they risked incurring the sanction of dismissal, and that the abuse of the discovery process showed no signs of abatement. And not only were the magistrate judge's rulings to which the plaintiffs point well-founded, they were all affirmed by Judge Eginton, about whom plaintiffs explicitly disclaim any criticism. A throrough review of the record reveals, at most, justified exasperation with plaintiffs' repeated abuses—but absolutely no evidence of bias or improper conduct on the part of either judicial officer.

## III.

While dismissal is indeed a severe sanction that should not be lightly imposed, we agree with Judge Eginton and Magistrate Judge Smith that it was warranted here. Accordingly, that portion of the district court's judgment dismissing plaintiffs' complaint, from which plaintiffs took this appeal, is affirmed.[3]

---

**2.** Magistrate Judge Smith elected not to also recommend a default judgment against the plaintiffs on the defendants' counterclaims. Because those counterclaims were still pending, and because the court declined to certify the dismissal of the complaint under Fed.R.Civ.P. 54(b), plaintiffs were unable to appeal immediately. The counterclaims were ultimately settled and dismissed pursuant to a stipulation "so ordered" by Magistrate Judge Joan G. Margolis on January

23, 1997, and the final judgment from which plaintiffs now appeal was entered on February 19, 1997.

**3.** In light of our decision here, plaintiffs' objections to various rulings concerning discovery sought from the United States are moot. Furthermore, we note that plaintiffs have failed to involve the United States in this appeal. Federal Rule of Appellate Procedure 25(b) requires ser-

vice of appellate papers on all adverse parties. Plaintiffs have not certified that such service was made upon the United States, and the government has not participated in this appeal in any way. Thus we would be unlikely to consider plaintiffs' objections to discovery rulings involving the United States in any event.