**Barbara A. MAHON, Plaintiff–Appellant,**

v.

**TEXACO INC., P.I. Bijur, A.C. De Crane, A.J. Krowe, Board of Directors, Heads of Departments, Legal, Human Resources, Comptroller's Depts. Management & Supervisory Personnel in collusion w/other entities & individuals, Defendants–Appellees.**

**Docket No. 04–1847.**

United States Court of Appeals, Second Circuit.

Feb. 10, 2005.

**538**

Barbara A. Mahon, Beacon, New York, for Appellant, pro se.

Steven D. Hurd, Jackson Lewis LLP, New York, New York, for Appellees.

PRESENT: OAKES, RAGGI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Barbara A. Mahon appeals the district court's decision to dismiss her case pursuant to Fed.R.Civ.P. 37(b)(2)(C) as a sanction for her failure to comply with numerous discovery orders. We assume the parties' familiarity with the facts and the proceedings below, which we reference only as necessary to explain our decision to affirm.

Rule 37, which focuses on the discovery obligations of civil litigants, grants a district court "broad power" to impose sanctions, including dismissal, on parties who engage in abusive litigation practices. *Friends of Animals, Inc. v. United States Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997) (per curiam); *see also* Fed.R.Civ.P. 37(b)(2)(C). Accordingly, on appellate review, we review a district court's factual findings supporting sanctions only for clear error, and we will not reverse its sanction decision except for abuse of discretion. *See Friends of Animals, Inc. v. United States Surgical Corp.*, 131 F.3d at 334; *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir.1988).

As this court has observed, "[t]he sanction of 'dismissal under Fed.R.Civ.P. 37 is a drastic remedy that should be imposed only in extreme circumstances,' usually after consideration of alternative, less drastic sanctions." *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d at 1176 (quoting *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir.1986) (further internal citation omitted)). Nevertheless, "[d]ismissal under Rule 37 is warranted . . . where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." *Id.* (and cases cited therein); *accord Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir.1991) ("When a party seeks to frustrate [discovery] by disobeying discovery

orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate.").

Thus, in *Minotti v. Lensink*, we affirmed the district court's Rule 37(b)(2)(C) dismissal of a wrongful-termination action because the plaintiff "failed to heed discovery orders on at least four separate occasions, thus delaying the case nearly two years" and "the district court explored numerous options before ordering dismissal, such as repeatedly allowing [plaintiff] additional time to comply with the discovery orders, informing [plaintiff] of the actions he must take in order to comply with the orders, and warning [plaintiff] about the threat of dismissal." 895 F.2d 100, 103 (2d Cir.1990) (per curiam). Mahon's case presents remarkably similar circumstances.[1]

As the district court found and the record confirms, Mahon repeatedly failed to heed discovery orders, thus delaying resolution of this case for more than three years. The district court routinely explored less drastic alternatives to dismissal to secure Mahon's compliance with its discovery orders, including, but by no means limited to, issuing a stay of proceedings to afford Mahon sufficient time to produce relevant documents to Texaco; providing explicit instructions to Mahon regarding her various discovery obligations; and affording Mahon a final opportunity to comply with discovery after the sanction motion was fully briefed. Throughout, it repeatedly warned Mahon that her continued failure to comply with the court's orders could result in dismissal. The court's patience, however, was no

match for Mahon's obstinacy. Her persistent refusal to comply with increasingly stern and direct court orders demonstrates not only bad faith but willfulness. Under these circumstances, the district court's Rule 37(b)(2)(C) dismissal cannot be deemed an abuse of discretion.

Accordingly, the district court's June 18, 2003 dismissal of this action with prejudice is hereby AFFIRMED.

---

1. We note that plaintiff Minotti, like Mahon, proceeded pro se; nevertheless, we affirmed the dismissal of his action, "[b]ecause 'all litigants, including pro ses, have an obligation to comply with court orders.'" *Minotti v. Lensink*, 895 F.2d at 103 (quoting *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.1988)); *see also Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir.1994) (per curiam) ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal.").