**Kendra MUSGRAVE, Plaintiff–Appellant,**

v.

**Lawrence WOLF, Defendant–Appellee.**

**Docket No. 04–3798.**

United States Court of Appeals, Second Circuit.

June 24, 2005.

Michael Kennedy Karlson, New York, New York, for Plaintiff–Appellant.

Robert Moraco, Licoti, Bernstein & Moraco, PC, New York, New York, for Defendant–Appellee.

PRESENT: MINER, STRAUB, Circuit Judges, and KEENAN, District Judge.[1]

### SUMMARY ORDER

Plaintiff–Appellant Kendra Musgrave ("Musgrave") appeals from an order of the United States District Court, Southern District of New York (Raymond J. Dearie, *Judge* ), dismissing her complaint pursuant to Fed.R.Civ.P. 37(b)(2)(C) for failure to comply with a court order regarding dis-

---

**1.** The Honorable John F. Keenan, United States District Judge, Southern District of New York, sitting by designation.

covery. We assume the parties' familiarity with the facts, decision below, and issues on appeal.

After apparently establishing in a state legal action that Defendant–Appellee Lawrence Wolf ("Wolf") wrongfully restrained funds of hers in connection with a landlord/tenant proceeding against Musgrave's sublessor (in which Wolf was acting as the landlord's attorney), Musgrave filed a federal action against Wolf under the Fair Debt Collection Protection Act concerning the same underlying events. The District Court referred the case to a Magistrate Judge for discovery purposes. Although Wolf's answer was timely filed and recorded on the court docket, Musgrave claimed that she never received the answer, and moved for a default judgment or, in the alternative, summary judgment. She did not appear at the noticed deposition on September 24, 2003.

At a conference before the Magistrate Judge on October 8, 2003, the court indicated that Musgrave's motion for default judgment was meritless and that, given her decision to move for summary judgment, Wolf was entitled to depose her. The court asked Musgrave to indicate her availability so that the deposition could be scheduled in open court. Musgrave instead continued to argue, at length and over the court's protestations, that she should not have to undergo a deposition because Wolf's answer had not been timely served. Eventually, Musgrave indicated that she would be available to appear at a deposition on November 6, 2003. She then requested a ruling narrowing the range of potential deposition questions. The court explained to Musgrave that irrelevance *per se* was not a ground for refusing to answer a question, but that, if she believed Wolf's questions were exceeding the scope of the litigation, the parties could call the court for a ruling. Musgrave continued to object to the proposed deposition. The court became increasingly frustrated, and warned Musgrave that, if she did not appear for her deposition, she would be subject to sanctions under Federal Rules of Civil Procedure 37 and 16.

After the conference, Wolf served Musgrave with a notice of deposition, which the court endorsed. On the same day, October 15, 2003, Musgrave filed a motion for reconsideration, and informed Wolf that she would not be appearing for her deposition. Musgrave's motion argued that she should be granted relief because: Wolf's answer had not been timely served; the Magistrate Judge lacked authority to order a deposition; and no discovery was necessary because all relevant facts had been established in state proceedings. The District Court denied her motion, and the Magistrate Judge issued an order directing Musgrave to appear on November 6, 2003 and warning her that, should she fail to appear, "her case is subject to dismissal with prejudice pursuant to Rule 37(b)(2)(C)." On November 3, 2003, Musgrave filed a motion for reconsideration, repeating the arguments from her first denied motion. She informed Wolf that, as this motion was pending, she would not be appearing for the deposition. The deposition date passed, and Musgrave did not appear. Wolf moved for dismissal under Rule 37(b)(2)(C), and the court granted his motion. This appeal followed.

Rule 37, which concerns the discovery obligations of civil litigants, grants a district court "broad power" to impose sanctions, including dismissal, on parties who engage in abusive litigation practices. *Friends of Animals, Inc. v. United States Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997) (per curiam). While Rule 37 dismissal is a drastic remedy meant only for extreme circumstances, it "is warranted ... where a party fails to comply with the court's discovery orders willfully, in bad

faith, or through fault." *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.,* 845 F.2d 1172, 1176 (2d Cir.1988) (and cases cited therein). Finally, although *pro se* litigants are afforded somewhat more latitude on procedural matters, "dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se,* so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994) (per curiam).

We review a District Court's decision to employ the sanction of dismissal for abuse of discretion, bearing in mind the following factors:

> ■ the duration of the plaintiff's failures, [2] whether [the] plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Shannon v. General Elec. Co.,* 186 F.3d 186, 193–94 (2d Cir.1999) (quotation marks omitted).

Applying the principles set forth above, we find that the District Court did not abuse its discretion. A review of the record below reveals a consistent attitude on Musgrave's part that no determination of the Magistrate Judge or the District Court was decisive or binding, that every issue in the case was open to continual review on the same repeated grounds, and that she was entitled to suspend court discovery orders simply by appealing them repeatedly. This attitude plainly went beyond any confusion about the law such as a good faith *pro se* litigant might have, and instead reflected a refusal to recognize the court's authority. In light of the record, we find it reasonable to conclude, as the court did, that Musgrave was unlikely to comply in the future. Finally, the court repeatedly warned Musgrave that her suit might be dismissed for failure to comply with its discovery orders.

We have considered all of Musgrave's arguments and find them meritless. Accordingly, the District Court's order is AFFIRMED.