George L. REINHARDT, Appellant,

v.

U.S. POSTAL SERVICE, Charles Steinberg, Peronet Despeignes, National Association of Letter Carriers, AFL–CIO, NALC Branch 41, Appellees.

Yveline F. Paul, Interested Party.

Docket No. 05–0091–CV.

United States Court of Appeals, Second Circuit.

Oct. 13, 2005.

George L. Reinhardt, Beverly Hills, Florida, for Appellant, pro se.

Jennifer Schantz, Assistant United States Attorney, (Steven Kim, Assistant United States Attorney, on the brief) for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, New York, Peter D. De-Chiara, Cohen, Weiss and Simon LLP, New York, New York, for National Association of Letter Carriers, AFL–CIO, and NALC Branch 41, for Appellees.

PRESENT: MESKILL, NEWMAN and RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff George L. Reinhardt appeals from a judgment of dismissal entered pursuant to Fed.R.Civ.P. 37(b)(2) and (d) for his persistent failure to comply with discovery orders of the district court. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Rule 37 grants district courts "broad power" to impose sanctions, including dismissal, on parties who fail to comply with court ordered discovery. *Friends of Animals Inc., v. United States Surgical Corp.*, 131 F.3d 332, 334 (2d Cir.1997) (*per curiam*); *see also* Fed.R.Civ.P. 37(b). We review a district court's factual findings supporting sanctions only for clear error, and we will not reverse its sanction decision except for abuse of discretion. *See Friends of Animals, Inc., v. United States Surgical Corp.*, 131 F.3d at 334; *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir.1988); *see also Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir.1989) ("We ... prefer to ... provide the teeth to enforce discovery orders by leaving it to the district court to determine which sanction from among the available range is appropriate.").

As the district court correctly observed, " 'dismissal under Fed.R.Civ.P. 37 is a drastic remedy that should be imposed only in extreme circumstances,' usually after consideration of alternative, less drastic sanctions." *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d

at 1176 (quoting *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir.1986)). Nevertheless, this severe sanction may well be warranted, even in the case of *pro se* litigants, when, "due to willfulness or bad faith," they fail to comply with discovery orders after being warned that noncompliance can result in dismissal. *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir.1991); *see Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir.1994); *accord Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir.1990).

▮ In this case, the district court found and the record confirms that plaintiff repeatedly failed to comply with discovery orders despite repeated adjournments and warnings that noncompliance could result in dismissal. *See Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir.1990) (*per curiam*) (noting that district court's grant of additional time to comply with court orders, together with its warning that failure to comply could prompt dismissal, adequately demonstrated its exploration of other options). The district court's finding that plaintiff's "defiance" was "willful" finds ample support in the number and clarity of the unheeded orders, the court's explicit warnings regarding possible dismissal, and the need for the district court to issue five orders directing plaintiff to respond to the defendants' motion for Rule 37 dismissal. On this record of sustained misconduct, we conclude that the district court acted within its discretion in ordering dismissal. *See id.*

▮ To the extent plaintiff claims for the first time on appeal that financial hardship precluded him from complying with the court's deposition orders, the argument—which appears dubious—is not properly before us. *See Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (noting general rule that a federal appellate court does not consider an issue not passed upon below); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 527 (2d Cir.1990) (observing that court will not consider issue raised for the first time on appeal except when necessary to avoid manifest injustice). In any event, the proper action for a party who cannot afford to travel to a court ordered deposition is *not* to ignore the court order but to move for an adjournment or an alternative discovery order. Plaintiff's failure to make any such timely application belies his claim that the district court committed clear error in finding willful noncompliance.

▮ Reinhardt further asserts that he was repeatedly denied due process in the district court, for example, by the refusal to permit his brother, a law student not yet admitted to the bar, to represent him in this action. We have considered these arguments, and we find them uniformly without merit. *See generally* Fed.R.Civ.P. 11(a) (requiring papers to be signed by party or attorney); *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir.2001) (rejecting defendant's contention that his daughter could represent him as an "attorney-in-fact" as "contrary to the principles that an individual may not be represented in court by another person who is not an attorney").

The judgment of the district court, entered on November 19, 2003, dismissing the action with prejudice as to all defendants is hereby AFFIRMED.