**H. Patrick BARCLAY, Plaintiff–Appellant,**

**v.**

**John DOE, Correction Officer; The State of New York; Medina Memorial Healthcare; Sally B. Johnson, Superintendent of Orleans Correctional Facility; Jane Tow, Nurse; Jane Owe, Nurse; John Hop, Correctional Offi-**

cer; Glenn Goord, Commissioner; John Doe, Correctional Officer; Johnson, Superintendent; Capt. Chappivs, Hearing Officer, Defendants,

Jane Doe, Nurse, Orleans Correctional Facility; Robert Takos, M.D.; Freeman, Correctional Officer, of Orleans Correctional Facility; Callisan, Correctional Officer, of Orleans Correctional Facility; Scwartz, Correctional Officer, Sgt. at Orleans Correctional Facility; John Roe, Correctional Officer, of Orleans Correctional Facility; John Bow, Correctional Officer, of Orleans Correctional Facility; John Tow, Correctional Officer, of Orleans Correctional Facility; Jane Roe, Nurse, of Orleans Correctional Facility; John Low, Correctional Officer, of Orleans Correctional Facility; John Owe, Correctional Officer, of Orleans Correctional Facility; John Moe, Correctional Officer, of Orleans Correctional Facility; Paschke, Correctional Officer, of Orleans Correctional Facility; Stockman, Correctional Officer, of Orleans Correctional Facility; Donald Selsky, Director, Defendants–Appellees.

No. 03–0087–pr.

United States Court of Appeals, Second Circuit.

Dec. 5, 2006.

H. Patrick Barclay, pro se, for Plaintiff.

Victor Paladino, Assistant Solicitor General (Nancy A. Spiegel, Senior Assistant Solicitor General, on the brief), for Eliot Spitzer, Attorney General of the State of New York, Albany, New York, for Defendants.

PRESENT: Honorable RICHARD J. CARDAMONE, Honorable REENA RAGGI, Circuit Judges, Honorable RICHARD M. BERMAN, District Judge.[1]

1. The Honorable Richard M. Berman, of the    United States District Court for the Southern

## SUMMARY ORDER

H. Patrick Barclay, a New York State inmate, sues defendants-appellees for disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and other provisions of federal law. Barclay now appeals from a judgment dismissing his complaint with prejudice for failure to comply with the district court's discovery order requiring him to submit to a deposition. *See* Fed. R.Civ.P. 37(b)(2)(C). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

This court has observed that "dismissal with prejudice is a harsh remedy" for a discovery violation that should be used "only in extreme situations ..., and then only when a court finds willfulness, bad faith, or any fault on the part of the prospective deponent." *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir.1990). Where such findings are made, however, we review only for clear error, *see Friends of Animals Inc. v. United States Surgical Corp.*, 131 F.3d 332, 334 (2d Cir.1997), and we will not reverse a dismissal sanction absent abuse of discretion, *see Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir.1994). We identify no such abuse in this case.

In its December 2001 order granting defendants' request to depose Barclay at his place of imprisonment, the district court specifically directed that the deposition take place on February 8, 2002. The two-page order, a copy of which was mailed to Barclay, included a bold-face paragraph below the heading "NON-COMPLIANCE" that stated: "TAKE NOTICE that non-compliance with the deposition may lead to sanctions pursuant to

Federal Rules of Civil Procedure 37 including dismissal of the complaint." *Barclay v. Takos*, No. 01–CV–6109CJS(F) (W.D.N.Y. Dec. 13, 2001) (order granting deposition). Nevertheless, on February 8, 2002, after defense counsel had traveled 260 miles for the deposition, Barclay refused to walk from his cell to attend the scheduled deposition. Specifically, he refused to go without his paperwork, despite urging from defense counsel that such paperwork was unnecessary. Although Barclay claims that his failure to attend the deposition was alternatively due to a "retaliatory conspiracy [by prison guards] preventing [him] from making the court ordered deposition," Appellant's Br. at 6, or because the prison guards would not provide a "reasonable accommodat[ion]" for his disability, *id.* at 5, the district court discounted these excuses and found that "there is no room to doubt that he deliberately failed to appear for his court-ordered deposition without justification," *Barclay v. Takos*, No. 01–CV–6109CJS(F), slip op. at 6 (W.D.N.Y. Mar. 17, 2003).

"[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.1988). Indeed, "[w]hen [*pro se* litigants] flout that obligation they, like all litigants, must suffer the consequences of their actions." *Id.* Thus, we have expressly ruled that "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se,* so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d at 50. Such a warning having been given in this case, we cannot conclude that the district

District of New York, sitting by designation.

court committed clear error in finding that Barclay deliberately flouted the court's order or that it abused its discretion in ordering his case dismissed.

The judgment of the United States District Court for the Western District of New York dated March 17, 2003, is hereby AFFIRMED.