19-3258 (L)
*Friedman v. Radujko et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> ROSEMARY S. POOLER
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

DAN FRIEDMAN,

> *Plaintiff-Appellant*,

> v.                                                           19-3258, 19-3863

IVANA RADUJKO, PALLADYNE INT'L ASSET MGMT. B.V., ISMAEL ABUDHER, LILY YEO, NIKOLAY TISCHCHENKO, PIEDAD ALONSO GAMO, PIEDAD ALONSO GAMO, MALCOLM STEVENS, AKA BILLIE, STHREE OVERSEAS HOLDINGS PLC, STHREE HOLDINGS B.V., SPECIALIST STAFFING SOLUTIONS, INC.,

> *Defendants-Appellees*,

BILL STEVENS, STHREE B.V., PALINT FOUNDATION B.V., STHREE INC., HUXLEY ASSOCIATES LTD., HUXLEY ASSOCIATES INC., HUXLEY ASSOCIATES B.V., STHREE HOLDINGS PLC.,

> *Defendants*.

_____

1

For Plaintiff-Appellant: JOSEPH A. PACE (Alan H. Kaufman, *on the brief*), New York, NY.

For the SThree Defendants-Appellees: ANECA E. LASLEY (Christopher F. Haas, *on the brief*), Squire Patton Boggs LLP, Columbus, OH.

For the Palladyne Defendants-Appellees: DEREK J.T. ADLER, Hughes Hubbard & Reed LLP, New York, NY.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Dan Friedman ("Friedman") appeals from the September 28, 2018 order and October 17, 2019 amended judgment of the U.S. District Court for the District of Connecticut (Thompson, *J.*) dismissing his case against Defendants-Appellees SThree Holdings PLC, SThree Holdings B.V., Specialist Staffing Solutions, Inc., and Ivana Radujko (collectively, the "SThree Defendants"), as well as Palladyne International Asset Management B.V., Ismael Abudher, Lily Yeo, Nikolay Tischchenko, Piedad Alonso Gamo, and Malcom (a/k/a "Billie") Stevens (collectively, the "Palladyne Defendants") under Fed. R. Civ. P. 12(b)(1). Friedman further appeals the district court's September 10, 2019 order dismissing Friedman's motion for review and modification, as well as the district court's October 9, 2019 order dismissing Friedman's objection to the magistrate judge's September 15, 2017 sanctions order. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**A. Forum Non Conveniens**

"A federal court has discretion to dismiss a case on the ground of *forum non conveniens* 'when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum

2

would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.'" *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (quoting *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447-48 (1994)). "Dismissal for *forum non conveniens* reflects a court's assessment of a 'range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality.'" *Id.* (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723 (1996)). In assessing a motion to dismiss for *forum non conveniens*, courts must: (1) determine the degree of deference afforded to the plaintiff's choice of forum; (2) determine whether an adequate alternative forum to entertain plaintiff's claims exists; and (3) balance the public and private interests implicated in the choice of forum as identified by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). *See Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005).

We review a district court's dismissal on the basis of *forum non conveniens* for abuse of discretion. *See Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (en banc) (explaining that the district court's "decision to dismiss a case on *forum non conveniens* grounds lies wholly within the broad discretion of the district court and may be overturned only when we believe that discretion has been *clearly abused*" (internal quotation marks omitted) (emphasis in original)). "A district court abuses its discretion in granting a *forum non conveniens* dismissal when its decision (1) rests either on an error of law or on a clearly erroneous finding of fact, or (2) cannot be located within the range of permissible decisions, or (3) fails to consider all the relevant factors or unreasonably balances those factors." *Norex Petroleum Ltd.*, 416 F.3d at 153 (internal quotation marks omitted).

Friedman first objects to the district court's decision not to afford deference to his choice of Connecticut as the forum for this suit. "A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." *Sinochem*, 549 U.S. at 430. "When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is then 'less reasonable.'" *Id.* (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)). As this court has explained, "[t]he more it appears that a domestic or foreign plaintiff's choice of forum has been dictated by reasons that the law recognizes as valid, the greater the deference that will be given to the plaintiff's forum choice." *Iragorri*, 274 F.3d at 71-72. Factors weighing in favor of deference "include the convenience of the plaintiff's residence in relation to the chosen forum, the availability of witnesses or evidence [in] the forum district, the defendant's amenability to suit in the forum district, the availability of appropriate legal assistance, and other reasons relating to convenience or expense." *Id.* at 72. Factors indicating forum shopping include "attempts to win a tactical advantage resulting from local laws that favor the plaintiff's case, the habitual generosity of juries in the United States or in the forum district, the plaintiff's popularity or the defendant's unpopularity in the region, or the inconvenience and expense to the defendant resulting from litigation in that forum." *Id.*

In this case, we discern no error in the district court's decision not to afford deference to Friedman's choice of forum. As the district court observed, Friedman filed this lawsuit in March 2014 while living in the Netherlands, where he had been living since November 2011. In the court's view, the record further supplied "no credible evidence" that at the time that Friedman filed suit, "[Friedman] planned to reside in Connecticut at any specific time in the future." Sp. App'x at 6. On appeal, Friedman argues that the district court erred by failing to give appropriate weight

4

to the fact that he returned to Connecticut roughly five months after filing this lawsuit. However, the district court was entitled to discount that fact given its determination, which was not clearly erroneous, that Friedman's move was a "last-minute decision, made after the defendants raised the issue of [Friedman's domicile]," and that his situation at the time the complaint was filed was not that of a plaintiff who anticipated moving his residence to the forum during the course of the litigation. Sp. App'x at 5, 9-10. The court was also correct to consider the deference inquiry in relation to "the time the lawsuit was filed," Sp. App'x at 9, and not in relation to facts that arose months after the fact. *See Iragorri*, 274 F.3d at 75. As to the other deference factors, the district court observed that the majority of likely witnesses and documents were located outside of the U.S., that the defendants were not amenable to suit in the forum, and that Friedman had not suggested that he chose to file in Connecticut out of genuine concern for the availability of legal assistance. The court instead found Friedman's actions consistent with forum shopping on account of his demand for punitive damages unavailable under Dutch law, as well as the inconvenience and expense of litigation in the forum for the Defendants-Appellees. These conclusions were not erroneous, much less clearly so. *See Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 102 (2d Cir. 2002) (explaining that there is no "rigid rule of decision protecting U.S. citizen or resident plaintiffs from dismissal for *forum non conveniens*").

We also discern no error in the district court's weighing of the public and private convenience factors, and in its conclusion that these factors weighed in favor of dismissal for *forum non conveniens. See Iragorri*, 274 F.3d at 73-74. With respect to the private interest factors, the majority of witnesses and documents relevant to Friedman's claims are located in the Netherlands. Extensive translation would also be required for litigation in Connecticut; European data privacy protections would potentially impose costly burdens in relation to discovery; securing

uncooperative witnesses would be a cumbersome process; and in any case, Friedman would likely need to initiate legal proceedings in the Netherlands to enforce any judgment obtained. As to the public interest factors, the district court concluded that residents of the Netherlands have a greater interest in the outcome of this dispute, as well as that proceeding in Connecticut could result in unnecessary conflict of law and foreign law issues. As these conclusions were well supported, they fall within the bounds of the district court's "broad" discretion with respect to *forum non conveniens* and thus support our conclusion that the district court's dismissal of Friedman's claims should be affirmed. *Iragorri*, 274 F.3d at 72 (internal quotation marks omitted).

**B. Sanctions**

We review a district court's order of sanctions under Rule 37(b) for abuse of discretion. *Friends of Animals Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997). As relevant here, "[d]ue process requires that courts provide notice and opportunity to be heard before imposing [such] sanctions." *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) (internal quotation marks omitted). However, "[a]s a general rule, a court is not obliged to give a formal warning that sanctions might be imposed for violation of the court's orders." *Fonar Corp. v. Magnetic Resonance Plus, Inc.*, 128 F.3d 99, 102 (2d Cir. 1997).

Here, Friedman's counsel had ample notice that he could be held jointly and severally liable for the sanctionable conduct of his client. *See Sterling Promotional Corp. v. Gen. Acc. Ins. Co. of New York*, 86 F. App'x 441, 445 (2d Cir. 2004) (affirming decision to hold plaintiff and counsel jointly and severally liable for monetary sanctions and finding that counsel was aware that he could be subject to sanctions because "the court had made it clear to [counsel] that it considered [counsel], and not merely [plaintiff], at fault"). First, the magistrate judge's sanctions order of October 24, 2016, to which neither Friedman nor his counsel filed an objection, referenced Rule

6

37(b)(2), which states that a court may order a "disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(b)(2). Second, the magistrate judge made clear in that order that jurisdictional discovery had been "repeatedly frustrated" by Friedman's counsel, Sp. App'x at 57, and that it considered counsel to be responsible in part for Friedman's failure to adhere to discovery orders. Third, the Palladyne Defendants' December 23, 2016 motion for additional relief, in which the SThree Defendants joined and to which neither Friedman nor his counsel responded, also referenced Rule 37(b)(2) and specifically asked that Friedman's attorney be held jointly and severally liable for sanctions expenses. Fourth, counsel was present during a June 6, 2017 telephone call with the magistrate judge in which the imposition of sanctions on counsel was discussed, and after which the court issued an order stating that it was construing the Defendants-Appellees' motions as motions seeking "to hold plaintiff's attorney jointly and severally liable with plaintiff for monetary sanctions that may be imposed by the Court." And, finally, the magistrate judge issued an order on September 15, 2017, to which Friedman objected.

The record is thus clear that Friedman and his counsel had both notice of and opportunity to be heard regarding counsel's potential liability for sanctions imposed by the court. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 526-27 (2d Cir. 1990) (finding due process satisfied where "[t]he proceedings that led to the district court's imposition of the sanction included several conferences before the magistrate [judge], which resulted in two court orders, the hearing at which the magistrate [judge] imposed the sanction, and a review of the matter by the district court," and noting that "[i]n view of these proceedings . . . it stretche[d] the imagination to argue that [appellants] did not have notice of, or the opportunity to be heard about, the sanction imposed" (citation omitted)). The argument to the contrary is without merit, as is Friedman's additional claim

that the Defendants-Appellees failed appropriately to confer with counsel prior to seeking sanctions.[1]

Accordingly, we affirm the district court's order dismissing Friedman's objection to the magistrate judge's sanctions order and its ruling on sanctions.

*     *     *

We have considered Friedman's remaining arguments and find them to be without merit. We accordingly **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We briefly note the potential conflict of interest between Friedman and his counsel. Friedman's counsel asks the Court to impose the entirety of the sanctions on Friedman himself rather than on counsel. While this situation would be concerning in the ordinary client-counsel context, where we have noted the potential for conflicts of interest between lawyers and their clients in sanctions disputes, *see Calloway v. Marvel Entm't Grp., Div. of Cadence Indus. Corp*, 854 F.2d 1452, 1473-74 (2d Cir. 1988), *rev'd in part on other grounds sub nom. Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120 (1989), the concerns are amplified here, as Friedman's counsel is also his employer. We hold doubts about the ability of counsel to provide conflict-free advice in this situation, and the ability of Friedman to waive a conflict regarding the imposition of a financial penalty on his employer.

8